NOT DESIGNATED FOR PUBLICATION

No. 120,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORNELIUS V. YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 8, 2020. Reversed and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Atticus Disney*, legal intern, *Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: In this appeal, Defendant Cornelius V. Young has challenged the propriety of the Sedgwick County District Court's order revoking his probation and directing him to serve underlying prison sentences for robbery and aggravated assault and a jail sentence for possession of marijuana. Based on the Kansas Supreme Court's recent decision in *State v. Coleman*, 311 Kan. ___, 460 P.3d 828 (2020), we reverse the probation revocation and remand to the district court for a new hearing.

1

The record on appeal shows: (1) Young committed the crimes of conviction on or about October 18, 2015; (2) the district court granted Young a dispositional departure to probation in sentencing him on November 1, 2016; and (3) the district court revoked Young's probation on September 24, 2018, without imposing an intermediate sanction based on K.S.A. 2018 Supp. 22-3716(c)(9)(B). Under K.S.A. 2018 Supp. 22-3716(c)(9)(B), a district court may revoke a defendant's probation for any violation if the defendant received a dispositional departure from a presumptive prison sentence to probation. That statutory ground for revocation went into effect on July 1, 2017.

In *Coleman*, the court held K.S.A. 2017 Supp. 22-3716(c)(9)(B) may only be applied to defendants whose crimes of conviction occurred on or after July 1, 2017. 460 P.3d 832 (2020). We issued a show cause order on April 14, 2020, requesting the parties address the impact of *Coleman* on this case, since they obviously could not have done so in their briefing filed months ago. Both parties have responded to our order, and we appreciate their thoughtful positions.

Where, as here, a defendant admits violating the conditions of probation, the district court exercises its discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014).

We have no reason to belabor the point or to extend this decision. Given the holding in *Coleman*, the district court made a material legal error in revoking Young's probation based on K.S.A. 2018 Supp. 22-3716(c)(9)(B), and that amounts to an abuse of discretion. We recognize, of course, the district court could not have anticipated the Kansas Supreme Court's ruling when it revoked Young's probation. But that lack of

2

clairvoyance does not erase or excuse the legal error. We, therefore, reverse the revocation of Young's probation and remand to the district court for a new hearing.

Reversed and remanded with directions.