NOT DESIGNATED FOR PUBLICATION

No. 122,114

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON AGBOR ELAD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed July 24, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Brandon Agbor Elad, after admitting to his second probation violation involving the commission of new crimes, now appeals the district court's revocation of his probation and order to serve his sentence. We granted Elad's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no abuse of discretion, we affirm.

On January 23, 2017, Elad was charged with possessing marijuana with intent to distribute in violation of K.S.A. 2016 Supp. 21-5705(a)(4), (d)(2)(A), a severity level 4 drug felony. Elad pled no contest to the charge; the district court accepted his plea and found him guilty. The district court sentenced Elad to 40 months in prison and then granted him a dispositional departure to 18 months' probation.

1

While on probation, Elad violated his probation resulting in an 18-month extension to his probation and a 3-day jail sanction. As Elad progressed on probation, the State moved to revoke his probation for committing new crimes of aggravated escape from custody and possession of marijuana with the intent to distribute.

Elad admitted to the allegations; the district court accepted his admissions and found Elad violated his probation. Elad asked to be returned to probation to obtain drug treatment. At the same time, Elad had a pending case in another county. Probation in the other county's case depended on the district court's approval of probation in this case.

The district court revoked Elad's probation in this case and his two other criminal cases. The district court ordered Elad to serve a modified 24-month prison sentence in this case and ordered probation in the other two cases "terminated unsuccessfully."

Elad acknowledges the district court had the discretion to revoke his probation because his initial sentence was a dispositional departure and because he committed new crimes. See K.S.A. 2019 Supp. 22-3716(c)(7)(B) and (C). However, the district court did not revoke Elad's probation based on the exception that applies when probation was originally granted as the result of a dispositional departure, and that exception would not have applied anyway. See *State v. Coleman*, 311 Kan. ___, 460 P.3d 828, 832 (2020) (finding particular exception only applicable to probationers whose crimes of conviction occurred on or after July 1, 2017). Instead, the district court revoked Elad's probation because he committed new crimes. See K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Elad bears the burden to show an abuse of discretion by the district court. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Elad does not argue the district court's decision was based on an error of law or an error of fact. Instead, he asserts the district court's decision was unreasonable. Here, Elad claims the district court should have ordered him to drug treatment instead of revoking his probation and no reasonable person would have revoked his probation like the district court did here.

Elad admitted to committing new crimes, and the district court's acceptance of his admissions as the basis to revoke his probation was reasonable. We observe no abuse of discretion by the district court.

Affirmed.