NOT DESIGNATED FOR PUBLICATION

Nos. 121,736
121,737
121,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA L. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed July 31, 2020. Dismissed in part, vacated in part, and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Jessica L. Brown was convicted in three cases: 14CR432, 17CR444, and 17CR1077. Her probation was revoked in 17CR1077, and she was sent to prison to serve her underlying sentence. Brown appeals in all three cases. We granted Brown's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47).

14CR432

In March 2015 Brown pled guilty to arson and three counts of criminal damage to property, and a jury found her guilty on the remaining charge of aggravated assault. She received concurrent prison sentences but was placed on probation for 24 months.

1

17CR444

In November 2018, Brown pled guilty to aggravated escape from custody. She received a 19-month prison sentence but was granted probation for 18 months. Her sentence was to run consecutive to her sentence in 14CR432.

17CR1077

On December 28, 2018, the same day as her sentencing in 17CR444, Brown pled guilty to violating the Kansas Offender Registration Act. The district court sentenced her to 29 months' imprisonment but she was granted a departure sentence of probation for 24 months. Her sentence was to run consecutive to her sentences in 14CR432 and 17CR444.

At a later hearing in July 2019 involving all three cases, the district court (1) found that probation in 14CR4332 had not been extended at an earlier hearing and, therefore, Brown's probation term in 14CR432 had expired; (2) ordered Brown to serve a 72-hour jail sanction in 17CR444; and (3) found that Brown had violated the terms of her probation, revoked her probation, and imposed her underlying sentence in 17CR1077 because her probation was originally granted as the result of a dispositional departure.

Brown appeals in each of these cases, and all three cases were consolidated for this appeal.

ANALYSIS

14CR432

In 14CR432, the district court found Brown's probation term had expired before the probation violation hearing. A review of the record reveals some confusion over the exact status of 14CR432. It is unclear whether Brown's probation term in 14CR432 had expired before the July 2019 hearing. Though Brown filed a notice of appeal in this case, there is no adverse ruling she challenges. (We presume she does not want us to hold that she remains on probation in 14CR432.) Moreover, the State did not cross-appeal the district court's determination that probation had expired. Thus, any issue regarding 14CR432 has been waived or abandoned. See *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018). As a result, there is no case or controversy for us to decide. See *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008). The appeal in 14CR432 is dismissed.

17CR444

In 17CR444, the district court imposed a 72-hour jail sanction. It is unclear from the record whether Brown has already served this sanction, rendering the issue moot. In any event, Brown fails to raise any issue with regard to this sanction in this case. She only references 17CR444 in the background section of her motion for summary disposition, mentioning her conviction and noting that the district court imposed a 72-hour jail sanction. This alone does not create an issue for us to resolve. See *Lowery*, 308 Kan. at 1231. Though the parties did not submit briefs in this case, Brown's duty to raise an issue to preserve it remains. See *State v. Arinwine*, No. 112,163, 2015 WL 1947352, at *1 (Kan. App. 2015) (unpublished opinion). Any claim involving a court ruling in 17CR444 has been waived or abandoned. The appeal in 17CR444 is dismissed.

17CR1077

17CR1077 involves the district court revoking Brown's probation and ordering her to serve her underlying prison sentence because she was granted probation as the result of a dispositional departure.

We review the district court's order sending Brown to prison for any abuse of discretion. We have de novo review in interpreting any applicable sentencing statute. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828, 830 (2020).

Judicial discretion is abused if the action is based on an error of fact or law or is arbitrary, fanciful, or unreasonable such that no reasonable person would have taken the view adopted by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

The district court revoked Brown's probation and ordered her to serve her underlying prison sentence because probation had been granted as the result of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B) contains an exception to the requirement that the court order intermediate sanctions. The exception arises when probation was originally granted as the result of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B) became effective on July 1, 2017.

Our Supreme Court recently held in *Coleman* that K.S.A. 2017 Supp. 22-3716(c)(9)(B) "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017." 311 Kan. at 337.

Brown's violation of the Kansas Offender Registration Act occurred on April 1, 2017, before the statutory provision became effective on July 1, 2017. The statute's dispositional departure exception does not apply to 17CR1077. Thus, the district court

4

could not revoke Brown's probation and impose her underlying sentence under that exception. The order revoking Brown's probation and imposing her underlying sentence in 17CR1077 is vacated, and the case is remanded to the district court for a new probation violation hearing with directions to apply the law in effect when Brown committed her April 2017 crime of conviction.

Dismissed in part, vacated in part, and remanded with directions.