NOT DESIGNATED FOR PUBLICATION

No. 123,012

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BUBAKARR JALLOH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed March 5, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Bubakarr Jalloh appeals the Wyandotte County District Court's decision to revoke his probation and impose a modified sentence. We granted Jalloh's motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no error in the district court's ruling, we affirm.

*Factual and Procedural Background*

Bubakarr Jalloh pleaded guilty to aggravated battery, a severity level 7 person felony, for his crime committed July 28, 2018. The district court sentenced him to 18

1

months' imprisonment, suspended that sentence, and granted 24 months' probation followed by 12 months' postrelease supervision.

But while he was on probation, Jalloh pleaded guilty in another case to possession of cocaine, a severity level 5 drug felony. By committing that new crime, Jalloh violated his probation in this case. Jalloh also violated his probation by not following the court's orders to get drug and mental health treatment and a domestic violence assessment. The district court revoked Jalloh's probation and ordered him to serve a modified term of 12 months' imprisonment.

Jalloh timely appeals.

*Analysis*

Jalloh contends the district court erred by revoking his probation for his aggravated battery conviction.

But our review of this issue is limited. When a felony probationer commits a new felony, the decision whether to revoke probation lies within the sound discretion of the district court. See K.S.A. 2020 Supp. 22-3716(c)(7)(C). So we review a district court's decision to revoke an offender's probation under this statutory exception only for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Thus, we will reverse only if the judicial action was arbitrary, fanciful, or unreasonable; was based on an error of law; or was based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting that the district court abused its discretion, Jalloh bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). He fails to meet that burden here.

Jalloh does not argue that the district court's decision to revoke was based on an error of law or fact or that it was unreasonable. He simply argues that the district court "erred." Yet the district court's decision to revoke was not based on an error of fact—Jalloh admitted he committed the crime and he pleaded guilty to the charge. Nor was the district court's decision to revoke based on an error of law—K.S.A. 2020 Supp. 22-3716(c)(7)(C) gives the district court discretion to revoke when the felony offender commits a new felony on probation.

The district court exercised its discretion to revoke Jalloh's probation based on his new conviction. The court also exercised discretion by modifying the sentence, showing Jalloh leniency. Jalloh fails to show that no reasonable person would have agreed with the district court's decision to revoke Jalloh's probation and order him to serve a modified sentence.

Affirmed.