NOT DESIGNATED FOR PUBLICATION

Nos. 123,415
123,416
123,417

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELI H. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: The district court placed Eli H. Johnson on probation after he pled guilty in three criminal cases. On October 2, 2020, the district court revoked Johnson's probation and imposed the underlying sentences. Although Johnson candidly concedes the district court's revocation of probation was without legal or factual error, he contends the court abused its discretion by ordering his imprisonment because "[g]iven the underlying addiction issues, the better alternative was treatment."

1

We granted Johnson's motion for summary disposition in lieu of briefs as provided under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State does not contest the summary disposition but argues that Johnson "has failed to present any compelling facts to support a finding that the district court abused its discretion." Upon our review, we agree with the State and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Johnson pled guilty in case No. 19CR744 on November 22, 2019, to possession of methamphetamine, committed on February 7, 2019. Before sentencing, however, the State charged Johnson in two more criminal cases. In case No. 19CR3646, Johnson pled guilty to criminal possession of a firearm by a convicted felon. In case No. 20CR157, Johnson pled guilty to possession of methamphetamine, criminal possession of a firearm by a convicted felon, and an aggravated weapons violation by a convicted felon, committed on June 4, 2019. All three criminal cases were resolved by plea agreements with the State.

Sentencing on all three criminal cases occurred on May 28, 2020. Johnson's criminal history score was A. The district court followed the plea agreements and granted Johnson a dispositional departure to probation in all three cases. In total, Johnson was sentenced to a controlling term of 102 months' imprisonment but granted probation for 18 months.

Johnson was not successful on probation, and the district court held a probation revocation hearing on all three cases on October 2, 2020. At the evidentiary hearing, the district court found, by a preponderance of the evidence, that Johnson illegally possessed methamphetamine on May 29, 2020, one day after being placed on probation. Consequently, the district court revoked Johnson's probation and imposed the underlying sentences.

2

Johnson timely appeals.

ANALYSIS

Johnson does not challenge the district court's finding that he violated his probation by possessing methamphetamine or argue that the court lacked the statutory authority to order incarceration under the circumstances. Instead, Johnson contends the district court abused its discretion when it ordered him to serve his underlying sentences instead of reinstating probation and ordering drug abuse treatment.

An appellate court reviews the propriety of a probation revocation by a district court for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging an abuse of discretion has the burden of proving its existence. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). In this appeal, Johnson is claiming the district court's imposition of the sentences upon the revocation of probation was arbitrary, fanciful, or unreasonable.

Of note, the district court may bypass statutory sanctions and impose an offender's underlying sentence when the offender commits a new felony while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Here, the district court revoked Johnson's probation and imposed the underlying sentences because Johnson committed a new felony while on probation.

In revoking Johnson's probation and ordering incarceration, the district judge said:

"These crimes may be meth induced and a drug substance problem, but meth is an extremely dangerous drug, and individuals under the influence of methamphetamine

3

do stupid things. I granted Mr. Johnson a dispositional departure sentence. And within—actually, I sentenced him on May 28th. And I must have had quite an impression on him, because the next day he was taken into custody, based upon the evidence that was presented at this hearing, the next day, with a 102-month sentence hanging over his head. And that's how Mr. Johnson returned the Court's decision to—well, that's what he did in return for the Court's decision to grant a dispositional departure sentence.

"I agree with Community Corrections that Mr. Johnson is not amenable to probation. He doesn't deserve—and I'll tell you what. I'm not taking into account an argument that he possessed a weapon, that there is a violation of a criminal possession of a firearm. I'm not taking—not even taking that into account, which the Court has the ability to do because I can decide what I rely upon when I make a decision. I'm just making a finding that the allegation was that he was in possession of a knife. He was. But I'm not letting that factor into the decision here.

"Mr. Johnson's probation in these three cases is going to be revoked because he committed a felony, possession of methamphetamine, while he was on probation. He committed that the very next day that he was sentenced in this case. He has clearly demonstrated with his criminal behavior that he is not amenable to probation. And he is not deserving of any intermediate sanctions."

We agree with the district court. Although Johnson argues the district court abused its discretion by imposing incarceration rather than ordering drug treatment, the record is clear that while Johnson was afforded the opportunity under terms of his probation to obtain drug treatment, he did not avail himself of that opportunity. Instead, despite having accrued the most serious criminal history score possible and facing the prospect of 102 months imprisonment—yet obtaining dispositional departures to probation—Johnson promptly violated his probation by committing a felony drug offense. All things considered, a reasonable person could agree with the district court that Johnson was not amenable to probation and, as a result, merited imposition of his underlying sentences.

Affirmed.

4