NOT DESIGNATED FOR PUBLICATION

No. 123,344

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE MANWARREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Kyle Manwarren appeals the district court's decision to revoke his probation and impose his underlying 12-month jail sentence. This court previously granted Manwarren's request for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We now affirm the district court's ruling.

In September 2018, Manwarren pleaded guilty to three counts of misdemeanor battery. The district court sentenced him to a total term of 12 months in jail, then suspended the jail sentence and imposed a 6-month term of supervised probation. Four days later, the State issued a bench warrant, alleging Manwarren violated several conditions of probation. Manwarren waived his right to a hearing and admitted to the

1

alleged violations. The district court then revoked his probation and ordered him to serve his underlying 12-month jail sentence.

On appeal, Manwarren does not dispute that he violated the terms of his probation. His sole contention is that the district court abused its discretion when it revoked his probation and imposed his original jail sentence.

Once a district court finds that a person has violated the terms of his or her misdemeanor probation, the court has considerable discretion to determine whether to revoke probation or enter some other disposition. See K.S.A. 2018 Supp. 22-3716(b)(3)(B). An appellate court will only upend the decision to revoke a person's probation when the district court abused its discretion by rendering an arbitrary or unreasonable ruling or one based on an error of law or fact. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Manwarren bears the burden to show that the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). He has not identified any legal or factual error in the court's ruling, however. Instead, Manwarren claims the court's ruling was unreasonable, as he requested the court allow him to enter drug treatment or order some disposition other than the imposition of his jail sentence after revoking his probation. But the mere fact that the district court *could* have entered a different disposition does not render its decision unreasonable. Manwarren admitted to violating the terms of his probation less than a week after the court sentenced him for his underlying crimes. He has not apprised us of any error in the district court's decision.

Affirmed.

2