IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 118,673
118,674
118,675

STATE OF KANSAS,
*Appellee*,

v.

KEVIN COIL COLEMAN,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a statute is a question of law over which appellate courts have unlimited review.

2.

Generally, a statute operates prospectively unless there is clear language indicating the Legislature intended it to operate retrospectively.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 14, 2018. Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 10, 2020. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause, and *Christina M. Kerls*, of the same office, was on the brief for appellant.

*Anna M. Jumpponen*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

1

The opinion of the court was delivered by

GREEN, J.: The State moved to revoke Kevin Coil Coleman's probation in January 2017 for failure to report. The Kansas Legislature enacted K.S.A. 2017 Supp. 22-3716(c)(9)(B), effective July 1, 2017, which permitted a trial court to revoke a probationer's probation without first imposing graduated sanctions if the probation was granted as the result of a dispositional departure. See L. 2017, ch. 92 § 8. Coleman was arrested and his probation, which had been granted as a dispositional departure, was later revoked at a hearing on November 1, 2017. A majority of the Court of Appeals determined that the trial court could not revoke Coleman's probation without first imposing intermediate sanctions and remanded to the trial court. Because we hold that K.S.A. 2017 Supp. 22-3716(c)(9)(B) does not apply to probationers such as Coleman whose offenses were committed before that statute's effective date, we remand for a new probation violation hearing with directions.

FACTS

On May 23, 2013, police arrested Coleman for unlawful possession of a controlled substance. Coleman pleaded guilty to unlawful possession of a controlled substance in Saline County case 13CR518 on October 31, 2013. Although Coleman's criminal history score of B would have meant presumptive imprisonment, the trial court granted a downward dispositional departure to 12 months' probation with an underlying 34-month prison term. On June 21, 2014, police arrested Coleman for unlawful possession of a controlled substance. And on July 7, 2015, Coleman pleaded no contest to the new charge of unlawful possession of a controlled substance in Saline County case 14CR674.

For the 14CR674 case, the trial court sentenced Coleman to a 34-month prison term. Coleman also pleaded no contest to aggravated failure to appear in Saline County

2

case 15CR142. For this case, the trial court sentenced Coleman to a 10-month prison term. The trial court granted Coleman's request for a dispositional departure to 12 months' probation in both the 14CR674 and 15CR142 cases. In the 2013 case, the trial court extended Coleman's probation for 12 months.

At a later revocation hearing, the trial court ordered a jail sanction of 45 days under K.S.A. 2014 Supp. 22-3716(c)(11), after which Coleman would be reinstated on probation in all three cases for 12 months. Coleman was released from his jail sanction on October 30, 2016, and did not report to his supervising probation officer. He instead called his probation officer and scheduled a meeting for November 17, 2016, but he failed to attend that meeting. His probation officer had no other contact with Coleman.

On January 19, 2017, the State moved to revoke Coleman's probation in all three cases for failure to report. A probation revocation hearing was held in all three cases on November 1, 2017. At the hearing, Coleman stipulated that he had violated his probation by failing to report to his probation officer. The State requested that Coleman's probation be revoked and that he be ordered to serve his underlying sentences. The State maintained that the trial court did not need to impose intermediate sanctions because Coleman's probation was granted as the result of dispositional departures.

Coleman argued that the trial court did not have the authority to bypass the intermediate sanctions because he had committed all of his original crimes of conviction before the enactment of the July 1, 2017 amendment, which provided the dispositional departure exception to the graduated sanction scheme. Coleman asked the trial court to impose intermediate sanctions because "the change of law which allowed for dispositional departures to be immediately revoked upon first appearance in front of the Court on a probation violation" did not apply retrospectively.

The trial court ruled that because Coleman's probation had been granted as the result of dispositional departures, it had the authority to revoke Coleman's probation and impose the underlying sentences without first imposing intermediate sanctions. The trial court ran the 2013 and 2014 case sentences consecutive, but ran the sentence from Coleman's 2015 case concurrent with the 2013 and 2014 sentences, resulting in a total sentence of 68 months. Coleman timely appealed. A majority of the Court of Appeals reversed and remanded, holding that the trial court erred in applying K.S.A. 2017 Supp. 22-3716(c)(9)(B) retrospectively. *State v. Coleman*, No. 118,673, 2018 WL 6580094 (Kan. App. 2018) (unpublished opinion).

This court granted the State's timely petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

ANALYSIS

*Did the Court of Appeals err by holding K.S.A. 2017 Supp. 22-3716(c)(9)(B) does not operate retrospectively?*

*Standard of Review*

Where the issue is the propriety of the sanction imposed by the trial court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Nevertheless, to the extent Coleman's appeal involves interpreting K.S.A. 2017 Supp. 22-3716, interpreting a sentencing statute is a question of law over which this court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

4

*Discussion*

In its petition, the State argues that the Legislature intended K.S.A. 2017 Supp. 22-3716(c)(9)(B) to operate retroactively. Coleman argues that subsection (c)(9)(B) does not apply to him because the Legislature did not intend for (c)(9)(B) to apply to probationers whose crimes of conviction were committed before the enactment of this subsection. In the alternative, Coleman argues that (c)(9)(B) should not apply to him because retroactive application of this subsection to probationers whose offenses were committed before (c)(9)(B)'s effective date would violate the Ex Post Facto Clause of the United States Constitution.

Subsection (c)(9)(B) was enacted as a part of K.S.A. 2017 Supp. 22-3716, which states:

> "(c)(1) Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in K.S.A. 2017 Supp. 21-6804(i), and amendments thereto, and a violation is established, the court may impose the following sanctions:
>
> (A) Continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction;
>
> (B) continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to the subparagraph and subsections (b)(4)(A) and (b)(4)(B) shall not exceed 18 total days during the term of supervision;

5

(C) if the violator already had at least one intermediate sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B) or (c)(1)(B) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7);

(D) if the violator already had a sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7); or

(E) if the violator already had a sanction imposed pursuant to subsection (c)(1)(C) or (c)(1)(D) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence which might originally have been imposed.

"(2) Except as otherwise provided in subsections (c)(3), (c)(8) and (c)(9), no offender for whom a violation of conditions of release or assignment or a nonprison sanction has been established as provided in this section shall be required to serve any time for the sentence imposed or which might originally have been imposed in a state facility in the custody of the secretary of corrections for such violation, unless such person has already had at least one prior assignment to a community correctional services program related to the crime for which the original sentence was imposed.

. . . .

"(9) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if:

(A) The court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction; or

(B) the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 2017 Supp. 21-6815, and amendments thereto.

. . . .

"(12) The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced."

See L. 2017, ch. 92, § 8.

The Legislature added (c)(12) in 2014, indicating the violation sanctions in subsection (c) would apply to violations occurring on or after July 1, 2013. See L. 2014, ch. 102, § 8; see also *State v. Battle*, 52 Kan. App. 2d 149, 151, 363 P.3d 424 (2015). Then, K.S.A. 2017 Supp. 22-3716(c)(9)(B) became effective on July 1, 2017, allowing a trial court to revoke a probationer's probation without first imposing graduated sanctions if the probation was originally granted as a dispositional departure. Subsection (c)(9)(B) does not contain any retroactivity language.

"Generally, a statute operates prospectively unless there is clear language indicating the legislature intended it to operate retrospectively." *State v. Corbin*, 305 Kan. 619, 625, 386 P.3d 513 (2016); *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011). When it was adopted, the language of (c)(12) operated as an effective date provision for the graduated sanctions statutory amendment enacted in 2013. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014). Subsection (c)(12) did not express an intent for subsection (c)(9)(B) to operate retrospectively because (c)(9)(B) did not then exist. Subsection (c)(9)(B) was not adopted until July 1, 2017. Thus, (c)(12) is an effective date provision which cannot function as "clear language indicating the legislature intended" (c)(9)(B) to operate retrospectively. *Corbin*, 305 Kan. at 625.

Thus, we hold that the K.S.A. 2017 Supp. 22-3716(c)(9)(B) exception, which allows a trial court to revoke a probationer's probation without first imposing graduated sanctions if the probation was granted as a result of a dispositional departure, applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017. Coleman's offenses or crimes of conviction were all committed before July 1, 2017. As a result, subsection K.S.A. 2017 Supp. 22-3716(c)(9)(B) does not apply to him.

We affirm the Court of Appeals decision and remand Coleman's cases involving offenses or crimes of conviction occurring on or after July 1, 2013 and before July 1, 2017, to the trial court for a new probation violation hearing with directions to apply the law in effect when Coleman committed his offenses or crimes of convictions.

Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.

HENRY W. GREEN, JR., J., assigned.[1]

STEVE LEBEN, J., assigned.[2]

---

[1]**REPORTER'S NOTE:** Judge Green, of the Kansas Court of Appeals, was appointed to hear case No. 118,673, 118,674, and 118,675 vice Justice Johnson under the authority vested in the Supreme Court by K.S.A. 2019 Supp. 20-3002(c) to fill the vacancy on the court by the retirement of Justice Lee A. Johnson.

[2]**REPORTER'S NOTE:** Judge Leben, of the Kansas Court of Appeals, was appointed to hear case No. 118,673, 118,674, and 118,675 vice Chief Justice Nuss under the authority vested in the Supreme Court by K.S.A. 2019 Supp. 20-3002(c) to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.