NOT DESIGNATED FOR PUBLICATION

No. 121,526

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY LEE HUNTER FIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 7, 2020. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Anthony Lee Hunter Fields appeals a district court's order sending him to prison after revoking his probation. We granted Fields' motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Based on the Kansas Supreme Court's recent decision in *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020), we reverse the order and remand to the district court for a new revocation hearing.

1

*Fields made an agreement with the State.*

In 2017, Fields entered no contest pleas to one count of involuntary manslaughter and one count of aggravated assault. With the severity level of the crimes and Fields' criminal history score, he faced a presumptive prison sentence. But the State agreed not to oppose Fields' request for a dispositional departure to probation. The court sentenced him to serve a 64-month prison term but granted a dispositional departure sentence of 36 months' probation. Noting that it was "very reluctantly" following the plea agreement, the district court warned Fields that if he "step[ped] foot in this courtroom for any violation, it will be the court's intent to revoke [probation] because you will firmly establish that you're not amenable to probation."

Probation did not go well. In 2018, Fields admitted violating his probation by failing to:

- abstain from illegal drug use;
- report to his intensive supervision office as directed;
- start/complete court-ordered programs; and
- address court fees.

Fields waived his right to a probation violation hearing and accepted a three-day jail sanction.

Then in 2019, seeking revocation of his probation, the State alleged that Fields had again violated the terms of his probation by failing to:

- comply with court-ordered mental health treatment;
- submit to required urinalysis tests;
- refrain from illegal drug use; and
- gain/maintain employment.

Fields admitted missing two UA tests but disputed the remaining allegations. The State presented testimony from Lashante Harris, Fields' probation supervisor. Harris testified that Fields had failed to provide proof that he complied with any of the recommendations following his mental health evaluation. Harris also testified that Fields had failed to submit to UA testing on occasion and had submitted diluted UAs, which meant they could not be tested. Harris requested that the district court impose a "tier-two" sanction, otherwise known as an intermediate prison sanction.

Fields also testified at the hearing. Fields said that he completed a mental health evaluation and was told to follow up on his medication. According to Fields, he was unaware of any prescription requirements and was later told that he did not need any additional mental health services. Fields admitted he had not provided recent mental health documentation to his supervisor. Fields also admitted that he had missed two UAs but denied that he had diluted or otherwise tampered with them. Fields suggested that a protein shake he consumed could have caused the dilution. Fields testified that he was employed at a lawn service in Missouri and had recently secured housing for his family.

The State agreed that a "tier-two" intermediate prison sanction would be appropriate. Unimpressed with the recommendations, the district court revoked Fields' probation and ordered him to serve his underlying prison sentence. In imposing Fields' sentence, the district court expressed concern about Fields' lack of transparency about the mental health recommendations and the allegations that Fields had diluted his UAs. The court also noted its prior warning to Fields after it had reluctantly approved the parties' joint sentencing recommendation. The judge reminded him of the serious nature of his crime:

> "This court [at sentencing] could not have made it any clearer to Mr. Fields how he had to do everything 100 percent. Zero tolerance. And I know I don't have the

transcript in front of me, but I know I spent a lot of time telling him how lucky he was to be walking out of that courtroom after having killed somebody . . . .

. . . .

Based on the dilutes and based on this court's very, very clear language to Mr. Fields, I'm not doing a tier two, I'm doing revocation. His probation is revoked."

With that, the court sent Fields to prison.

*A recent Supreme Court ruling compels our reversal.*

In this appeal, Fields argues that the court had to impose an intermediate sanction and could not legally send him to prison for his probation violations. Because of the timing of the crime and the nature of his subsequent violations of probation, Fields is correct.

Our statute, K.S.A. 22-3716, sets out the procedure for revoking an offender's probation. Under the version of the statute in effect when Fields committed his 2016 crimes, the district court was required to impose a series of graduated intermediate sanctions before revoking Fields' probation and ordering him to serve his prison sentence. These sanctions ranged from continuation or modification of the terms of probation to brief periods of confinement in jail or longer periods of confinement in prison. The sanctions gradually increased depending on the number of sanctions already imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D).

Fields had received a three-day jail sanction. But the district court could bypass intermediate prison sanctions only if (1) Fields committed a new crime or absconded while on probation; or (2) the court stated particular reasons why imposing a sanction would jeopardize public safety or Fields' welfare. See K.S.A. 2016 Supp. 22-3716(c)(8)-(9). Fields did not commit a new crime or abscond while on probation. Nor did the district court make any particularized findings that imposing a 120- or 180-day prison

4

sanction would jeopardize public safety or Fields' welfare. Thus, under K.S.A. 2016 Supp. 22-3716, the district court's only option was to impose an intermediate prison sanction.

The Legislature, in 2017, amended K.S.A. 22-3716. It added language to the statute that allowed the district court to bypass intermediate sanctions if a defendant had received probation from a dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). And in 2019, the Legislature's amendment to K.S.A. 22-3716 eliminated the 120- and 180-day prison sanctions. K.S.A. 2019 Supp. 22-3716(c)(1). Thus, under the current version of the statute, a district court can revoke probation and impose the prison sentence if the probationer has already served a two- or three-day jail sanction. K.S.A. 2019 Supp. 22-3716(c)(1)(C).

Fields received a dispositional departure when he was originally sentenced. And Fields had served a three-day jail sanction. Under either K.S.A. 2017 Supp. 22-3716 or K.S.A. 2019 Supp. 22-3716, the district court was free to revoke probation and order Fields to serve his prison sentence. But those revisions to the law are not retroactive and do not apply to Fields.

The question of which version of K.S.A. 22-3716 applies is resolved by our Supreme Court's recent decision in *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020). In *Coleman*, the State argued that the 2017 amendment to K.S.A. 22-3716 applied retroactively to Coleman, who had committed his underlying crimes several years before that amendment took effect. Because the 2017 amendment had no express retroactivity language, however, the court held that the amendment applied prospectively and could not be applied to probationers like Coleman, who committed their crimes before it took effect on July 1, 2017. 311 Kan. at 337; see *State v. Ratliff*, No. 121,800, 2020 WL 2097488, at * 2 (Kan. App. 2020) (unpublished opinion). In *Ratliff*, we relied on *Coleman* in holding that the 2019 amendment to K.S.A. 22-3716 eliminating the 120- and

5

180-day prison sanctions applies prospectively only to probationers who committed their underlying crimes after July 1, 2019.

Under K.S.A. 2016 Supp. 22-3716, which was in effect when Fields committed his offenses in August 2016, the district court was required to impose a 120- or 180-day prison sanction before revoking Fields' probation and imposing his underlying prison sentence. The district court's legal error in failing to correctly apply the statute constitutes an abuse of discretion. See *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

As a result, we are required to reverse the district court's revocation of Fields' probation and remand for a new revocation hearing.

Reversed and remanded with directions.