NOT DESIGNATED FOR PUBLICATION

Nos. 121,413
121,414

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VERNON LAMONTE MCCOVERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Vernon Lamonte McCovery appeals the district court's decision revoking his probation and ordering him to serve his original prison sentences in two consolidated cases. We granted McCovery's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State has filed no response. Finding no error, we affirm the district court's judgment.

In 14CR288, McMovery was convicted of criminal threat and was sentenced to 12 months' imprisonment with 12 months' probation. In 15CR55, McCovery was convicted of criminal threat and stalking and received a controlling sentence of 18 months'

1

imprisonment with 12 months' probation. The sentences were ordered to run consecutively.

McCovery performed poorly on probation and his supervision was extended many times. The record reflects that he received at least one 2-day quick-dip jail sanction and a 120-day prison sanction. In July 2018, McCovery moved to Alabama and his probation was transferred there by interstate compact. McCovery did not report to his Alabama probation officer in October or November 2018. The Alabama probation officer sent a case closure notice, stating McCovery had absconded.

McCovery was arrested on a warrant on January 25, 2019, and he was returned to Kansas. On May 7, 2019, the district court found McCovery had violated the terms of his probation by absconding. Noting that McCovery had received two prior intermediate sanctions, the district court revoked his probation and ordered him to serve his original sentence in each case. McCovery timely appealed the district court's judgment.

On appeal, McCovery claims the district court "erred in revoking his probation and imposing the underlying prison sentence." Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The procedure for revoking McCovery's probation is governed by K.S.A. 2018 Supp. 22-3716. This statute provides that once a defendant has violated the conditions of probation, the district court must apply a series of intermediate sanctions before revoking

2

probation, including a quick dip jail sanction and a prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E). McCovery makes no claim that he did not receive the appropriate intermediate sanctions before the district court revoked his probation. He also does not challenge the district court's finding that he absconded. The district court gave McCovery many chances to succeed on probation, including a chance to move to Alabama, but he squandered those opportunities. The district court's decision to revoke McCovery's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. McCovery has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentences.

Affirmed.