NOT DESIGNATED FOR PUBLICATION

No. 122,978

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL PETE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed March 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., BUSER, J., and WALKER, S.J.

PER CURIAM: Michael Pete Jr. appeals following the district court's revocation of his probation and imposition of his underlying sentence. We granted Pete's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Pete contends that the district court abused its discretion in revoking his probation and in imposing his underlying sentence. Based on our review of the record, we conclude that the district court did not abuse its discretion in revoking Pete's probation, nor did it err in ordering him to serve his underlying sentence under the circumstances presented. Thus, we affirm the district court.

1

In November 2016, as part of a plea agreement, Pete pled guilty to one count of aggravated burglary. The district court found him guilty of the charge and sentenced him to an underlying term of 32 months' imprisonment to be followed by postrelease supervision for a term of 24 months. However, the district court suspended the sentence and granted Pete's request for probation.

On May 23, 2019, the State filed a motion seeking to revoke Pete's probation. In support of the motion, the State submitted an affidavit from Pete's intensive supervision officer (ISO). In the affidavit, the ISO asserted that Pete had absconded from supervision, failed to report as directed, failed to remain law abiding, failed to abstain from the use of alcohol and/or illegal drugs, failed to obtain and maintain employment, and failed to pay court-ordered costs.

At a probation hearing on January 16, 2020, Pete admitted to violating the terms of his probation as asserted by the State. In particular, Pete admitted that he had absconded from supervision and that he had been arrested on new felony charges. He also admitted to the other asserted violations. After Pete admitted to the violations, the district court revoked his probation.

Moving to the issue of whether Pete's underlying sentence should be imposed, the district court found that Pete had been unable to follow the terms of his probation. Specifically, the district court found that Pete had been arrested two more times since being granted probation. In addition, the district court pointed out that Pete had already served two intermediate sanctions for previous probation violations. Ultimately, the district court found that Pete was not amenable to probation and ordered him to serve his original sentence.

ANALYSIS

On appeal, Pete contends that the district court abused its discretion by refusing to reinstate his probation. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). The party asserting the district court abused its discretion—in this case Pete—bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Although Pete argues that the district court's decision to revoke his probation was unreasonable, a review of the record reveals that he violated his probation on at least two previous occasions and had already served two intermediate sanctions. Moreover, at his probation revocation hearing in January 2020, Pete admitted to violating the terms of his probation in at least six ways. In particular, he admitted to absconding from supervision and committing new crimes. Under these circumstances, the district court had the statutory authority to revoke Pete's probation and to order him to serve the original sentence. See K.S.A. 2020 Supp. 22-3716(c)(1)(C); K.S.A. 2020 Supp. 22-3716(c)(7)(C) and (D).

Here, the district court found that Pete was not amenable to probation and this finding is supported by the record on appeal. Furthermore, we do not find that the district court acted unreasonably in requiring Pete to serve his underlying sentence. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we find that the district court did not abuse its discretion, and we affirm its decision.

Affirmed.