NOT DESIGNATED FOR PUBLICATION

No. 123,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LATOSHA L. NELSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Latosha L. Nelson appeals the district court's decision to revoke her probation and impose a modified 130-month sentence. On appeal, Nelson asserts the district court abused its discretion by revoking her probation. Recognizing the district court has the discretion to require her to serve her underlying sentence in this case, Nelson filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In response, the State agreed that Nelson's appeal is suitable for summary disposition. As such, we granted Nelson's motion and proceeded to review the record on appeal to determine if the district court erred. After doing so, we conclude that the district court did not abuse its discretion. Thus, we affirm the district court's decision.

1

FACTS

In June 2019, Nelson pled guilty to one count of possession of methamphetamine with intent to distribute in violation of K.S.A. 2017 Supp. 21-5705(a)(1). She possessed over 33 grams of methamphetamine, which meant her violation was a severity level 2 drug felony. K.S.A. 2017 Supp. 21-5705(d)(3)(C). Based on the severity level of the crime and Nelson's criminal history score, she was sentenced to 144 months' imprisonment. However, the district court granted her a dispositional departure and placed her on probation for 36 months.

Unfortunately, Nelson was unable to fulfill the terms of her probation and was ordered to serve intermediate jail sanctions on three occasions. Thereafter, she once again violated the terms of her probation. This time, Nelson stipulated to committing a new crime—aggravated escape from custody. At her probation revocation hearing, the district court revoked Nelson's probation and order her to serve a modified sentence of 130 months in prison.

ANALYSIS

On appeal, Nelson maintains the district court abused its discretion by revoking her probation and ordering her to serve a modified prison sentence. She argues that the district court should have allowed her to remain in the community in order to promote her rehabilitation. Nevertheless, Nelson candidly recognizes that the district court had the authority to revoke her probation because she committed a new crime while serving on probation, and her original sentence was a dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) and (c)(9)(B). Moreover, she acknowledges that the decision to the revoke her probation rests in the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020).

2

A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Nelson bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). However, she does not allege that the district court's action in this case was unreasonable, that it was based on an error of law, or that it was based on an error of fact.

A review of the record in this case reveals that Nelson repeatedly violated the conditions of her probation. Moreover, through the granting of Nelson's motion for dispositional departure and the imposition of several intermediate sanctions, the district court gave her multiple opportunities to succeed. Unfortunately, she could not do so. In light of her history, we find that it was reasonable for the district court to conclude that Nelson is not amenable to probation. Likewise, we find that Nelson has failed to show that the district court's decision was based on an error of law or on an error of fact.

Under these circumstances, we conclude that the district court did not abuse its discretion by revoking Nelson's probation or ordering her to serve a modified sentence.

Affirmed.