NOT DESIGNATED FOR PUBLICATION

No. 123,530

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WHITNEY MARIE HANSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed September 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM: Whitney M. Hanson appeals the district court's imposition of her underlying prison sentence following the revocation of her probation. Although Hanson requested that her probation be reinstated, the district court ordered her to serve her underlying prison sentence. Recognizing the district court had the discretion to require her to serve her sentence under the circumstances presented, Hanson filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We granted her motion and proceeded to review the record on appeal. After doing so, we conclude that the district court did not abuse its discretion in requiring Hanson to serve her underlying sentence. Thus, we affirm.

1

FACTS

In January 2020, Hanson pleaded guilty to possession of methamphetamine. The district court sentenced her to a controlling term of 15 months imprisonment but granted her probation for a period of 18 months. As part of the terms of her probation, the district court ordered Hanson to enter drug treatment and pay the fines imposed. In July 2020, the State moved to revoke Hanson's probation. However, she failed to appear at her probation revocation hearing, and it was rescheduled.

The following month, the district court conducted a revocation hearing at which Hanson appeared. At that time, the district court ordered her to serve three days in jail and reinstated her probation. Unfortunately, Hanson continued to fail to follow the terms of her probation. As a result, the State filed a second motion to revoke her probation and sought to reinstate her underlying sentence.

At a revocation hearing held in December 2020, Hanson stipulated to the new violations. Nevertheless, she asked the district court to reinstate her probation once again. Instead, the district court revoked Hanson's probation and ordered her to serve her underlying 15-month prison sentence. Thereafter, Hanson timely filed a notice of appeal.

ANALYSIS

On appeal, Hanson contends that the district court abused its discretion by failing to reinstate her probation. A decision to revoke probation is generally reviewed by our court for abuse of discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion only when its decision is (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Although Hanson argues that the district court should have reinstated her probation because she needs drug treatment, she points to nothing in the record to show that the district court acted unreasonably, made an error of law, or based its decision on an error of fact. Rather, a review of the record reveals that Hanson had previously violated the terms of her probation by failing to pay her fines, failing to attend drug treatment, and failing to meet with her probation officer. She also failed to appear at the first probation revocation hearing set by the district court.

Even after the district court imposed intermediate sanctions and reinstated her probation, Hanson continued to violate the terms of her probation. After three more months of failing to report or pay fines as ordered to do by the district court, the State filed its second motion to revoke Hanson's probation. As such, the record reflects that Hanson was given an adequate opportunity to comply with the terms of her probation but repeatedly failed to do so. Accordingly, we find the district court's decision to impose Hanson's underlying prison sentence to be reasonable.

Finally, we note that Hanson has not alleged that the district court erred as a matter of law or that it based its decision on a factual error. Here, the record reveals that the district court previously imposed intermediate sanctions at the first revocation hearing. When a probationer violates the terms of his or her probation again, K.S.A. 2020 Supp. 22-3716(c)(1)(C) authorizes the district court to exercise its discretion to impose the underlying prison sentence. Moreover, the record reveals that Hanson stipulated that she had violated the terms of her probation at the second revocation hearing. Consequently, there was no error of law or fact.

Because we do not find that the district court abused its discretion by imposing Hanson's underlying sentence, we affirm the district court's decision.

Affirmed.