NOT DESIGNATED FOR PUBLICATION

No. 123,481

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFERY S. CARPENTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed November 12, 2021.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).


Before ATCHESON, P.J., CLINE and HURST, JJ.


PER CURIAM: Jeffrey S. Carpenter appeals the district court's revocation of his
probation and the imposition of his underlying prison sentence. He asserts the district
court abused its discretion by revoking his probation.

We granted Carpenter's unopposed motion for summary disposition under
Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on
appeal and finding no error, we affirm the district court's decision.

1

FACTUAL BACKGROUND

Carpenter was charged with one count of aggravated domestic battery and one count of violating a protection order in case No. 19-CR-388. Pursuant to a plea agreement, Carpenter pleaded no contest to the aggravated domestic battery charge. As part of the plea agreement, the State agreed not to prosecute Carpenter's violations of the Kansas Offender Registration Act and dismiss the remaining charge as well as another case pending against Carpenter.

The district court accepted Carpenter's no-contest plea and found Carpenter guilty. At the sentencing hearing, Carpenter moved for a dispositional departure and a downward durational departure sentence. His presentence investigation report showed he had a criminal history of A. Carpenter had 24 prior convictions, 4 of which were person felonies. The State pointed out that one of the prior convictions was a domestic violence case involving the same victim as the current case and that Carpenter received his sentence in that case on the same day he was arrested in this case.

Although Carpenter was subject to a presumptive prison sentence under the revised Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., the district court granted his motion for dispositional departure based on two factors: the victim played a role in the crime and the amount of harm was less than typically seen in aggravated domestic battery cases. Thus, the district court sentenced Carpenter to 34 months in prison but suspended the prison sentence and imposed 24 months' probation.

A few months later, the State moved to revoke Carpenter's probation. The State alleged that Carpenter violated the conditions of probation by testing positive for methamphetamine, cocaine, and alcohol. It also alleged that Carpenter was dishonest about the drug use. Finally, the State alleged Carpenter violated his probation by failing to obtain consent before changing his address.

2

At the probation revocation hearing, Carpenter entered a no-contest stipulation to the allegations of drug and alcohol use and his dishonesty about such use. Carpenter contested the allegation that he failed to obtain consent before changing residences, so the district court held an evidentiary hearing on this allegation.

Carpenter's probation supervisor testified for the State. She testified that Carpenter was kicked out of his initial, approved residence, Emporia Rescue Mission, because his girlfriend was found in his bed. He then moved in with his sister without first seeking the supervisor's approval. The supervisor approved of the new residence once she learned of it. She also testified that Carpenter failed several drug tests, yet denied using even after these positive tests. She testified that she did not believe Carpenter was amenable to further treatment because his dishonesty would undermine his ability to succeed.

Carpenter testified that he had recently been in Osawatomie State Hospital for mental health treatment. While there, he received new medicine. He explained that he believed he needed further treatment and that he used methamphetamine while on probation as a form of self-medication to treat his mental health issues. He asked the district court to reinstate probation with inpatient drug treatment. He testified that he could live with his sister and had a job waiting for him.

The State noted that Carpenter had been involved in the drug court program, and, while participating, had worked through the program's graduated sanctions. It also noted that Carpenter admitted to drug use and that the various inpatient treatment programs he attended did not appear to successfully stop his drug use. The State asked the district court to impose Carpenter's prison sentence.

The district court found that Carpenter had violated his probation by testing positive for methamphetamine and not being consistently truthful. The court also relied

3

on his failure to notify his probation officer of his change in housing. The district court revoked Carpenter's probation and ordered Carpenter to serve his original sentence.

ANALYSIS

On appeal, Carpenter argues the district court erred by imposing his original sentence upon revoking probation. Carpenter argues the court abused its discretion because his best interests would be served by continuing probation so he could enter inpatient treatment. He also argued his only sanctions were drug court sanctions imposed before he could enter an inpatient treatment program.

We review district court decisions to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party alleging an abuse of discretion bears the burden of proof. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court had the legal authority to revoke Carpenter's probation because (1) he was placed on probation through his successful motion for dispositional departure and (2) Carpenter did not dispute that he violated his probation by being untruthful and using drugs and alcohol. See K.S.A. 2019 Supp. 22-3716(c)(7)(B); see also *State v. Huffstutler*, No. 123,467, 2021 WL 2493195, at *1 (Kan. App. 2021) (noting district court has power to revoke probation without sanctions if original sentence resulted from dispositional departure), *petition for rev. filed* July 19, 2021. Thus, the district court had the legal authority to revoke Carpenter's probation. Carpenter does not claim a factual error, and reasonable people could agree with the district court's decision to impose Carpenter's original sentence. Carpenter repeatedly failed drug tests, was untruthful about

4

his drug use, and failed to notify his probation supervisor when he changed addresses. We therefore find the district court did not abuse its discretion by revoking Carpenter's probation and imposing Carpenter's prison sentence.

Affirmed.