NOT DESIGNATED FOR PUBLICATION

No. 123,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN E. REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed December 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Jordan Reed appeals the revocation of his probation and imposition of his sentence. We granted Reed's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. 48). Finding no legal errors or an abuse of discretion after our review of the record, we affirm.

The State charged Reed with attempted aggravated robbery, criminal damage to property, criminal threat, and battery of a law enforcement officer. After negotiating with the State, Reed agreed to plead guilty to amended charges of aggravated battery, criminal damage to property, criminal threat, and battery of a law enforcement officer. The court accepted Reed's plea.

1

The court sentenced Reed to 26 months' imprisonment followed by 12 months of postrelease supervision. The court suspended the sentence and placed him on probation for 24 months. The court also ordered Reed to pay $1,331.33 in restitution to his victim.

About two months after Reed was placed on probation, the State claimed that Reed had violated the conditions of his probation by committing a new crime, failing to pay restitution, failing to obtain employment, and failing to attend treatment for substance abuse.

At his revocation hearing, Reed waived his right to a hearing and stipulated to the violations, including committing the new offenses of domestic violence and criminal damage to property. Reed requested that the court order him to complete inpatient treatment so that he could address his alcohol abuse problems. But the court found Reed to be a risk to the community and not amenable to probation. This finding was based on the evidence of the short period of time between his sentencing for aggravated battery and his commission of the domestic violence offense. The court then ordered Reed to serve his 26 months' imprisonment followed by 12 months of postrelease supervision.

Reed appeals the revocation of his probation and imposition of his sentence, arguing the district court abused its discretion. He contends that he violated the terms of his probation because he relapsed, and the district court should have placed him in residential treatment instead of sending him to prison.

The law is clear on this point. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. A district court abuses its discretion when it steps outside the framework or fails to properly consider statutory standards. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The burden is on Reed to show the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Generally, K.S.A. 2018 Supp. 22-3716(c) requires a sentencing court to impose graduated intermediate sanctions before revoking an offender's probation. But there are several exceptions that allow a district court to revoke probation without having previously imposed an intermediate sanction. See K.S.A. 2018 Supp. 22-3716(c)(8), (9). One exception permits a district court to do so if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, Reed stipulated to committing the crimes of domestic violence and criminal damage to property less than two months after the district court placed him on probation. Although Reed appears to recognize that the court had the legal authority to revoke his probation and impose his underlying sentence due to this violation of the terms of his probation, he contends that the better option would have been to order him to complete substance abuse treatment. Reed fails to persuade us that no reasonable person would have taken the view of the district court and revoked his probation based on the commission of the new crimes, especially considering the violent nature of the offenses.

Our review of the record shows the district court acted well within its discretion when it ordered Reed to serve his underlying sentence. Reed does not point to any errors of law or fact underpinning the district court's decision, nor does he show that no reasonable person would have taken the same position.

Affirmed.