NOT DESIGNATED FOR PUBLICATION

No. 126,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRANCE DEWAYNE LEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Submitted without oral argument. Opinion filed November 1, 2024. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Brandon D. Cameron*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM:  Terrance Dewayne Lee appeals the district court's decision revoking his probation and ordering him to serve his original prison sentence. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

On June 14, 2022, Lee pleaded guilty to two counts of aggravated battery and one count of aggravated endangering a child based on the State's purported evidence that he had shaken an infant in his care resulting in numerous injuries. On August 22, 2022, the

district court imposed a controlling sentence of 45 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

On September 16, 2022, Lee served a two-day jail sanction for testing positive for THC and leaving the state without permission.

The State moved to revoke Lee's probation on November 23, 2022. The affidavit attached to the motion alleged that Lee had failed to provide proof of employment, that he failed to pay costs and fees, that he twice tested positive for THC, methamphetamine, and amphetamines, that he did not complete inpatient treatment for substance abuse, and that he failed to attend outpatient drug treatment on one occasion. At a hearing on December 12, 2022, Lee stipulated to failing drug tests, not paying costs and fees, and missing an outpatient treatment session. The district court ordered Lee to serve a 120-day jail sanction and extended his probation for 24 months upon his release.

The State moved to revoke Lee's probation a second time on April 20, 2023, alleging many violations, and filed a second amended motion on May 19, 2023. At a hearing on June 5, 2023, the State called Eleanor McCall, Lee's intensive supervision officer with community corrections. McCall testified that since Lee completed his 120-jail sanction, he was admitted into inpatient rehabilitation treatment but was discharged unsuccessfully after 4 days. Five times after the jail sanction Lee either tested positive or admitted using some combination of methamphetamine or THC. Lee then began attending outpatient rehabilitation treatment but missed three sessions. McCall did not believe Lee was a good candidate for reinstatement on probation.

Lee testified and conceded to being discharged from inpatient drug treatment after four days because he was not attending group sessions. He also slept during group sessions and did not complete assigned chores. Lee conceded to using unspecified drugs and claimed he was "just going through a lot." Lee testified that he was scheduled to

2

attend a different inpatient treatment program after the hearing. As to missing several outpatient treatment sessions, Lee claimed he did not know where they were being held and that he was told he did not need to attend due to the class's low attendance.

After hearing the evidence, the district court found that the State had proved the probation violations by a preponderance of the evidence, "[s]pecifically this time, since the last revocation, that he failed to regularly attend his substance abuse counseling [and] that he tested positive for methamphetamine, THC and MDMA as recently as May 10, 2022." The State asked the district court to revoke Lee's probation and to order him to serve his original sentence. Lee asked for another intermediate sanction and that his probation be extended. The district court considered that it had already sanctioned Lee before, granted the State's request to revoke Lee's probation, and ordered him to serve his original sentence. Lee timely appealed the district court's judgment.

ANALYSIS

Lee's sole claim on appeal is that the district court abused its discretion by revoking his probation because, while imperfect, he was making progress towards sobriety. The State responds that regardless of Lee's efforts to become sober, he had violated his probation several times due to his drug use and thus it was not unreasonable for the district court to revoke his probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has presented evidence of a violation of the conditions of probation, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469,

430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Lee acknowledges his addiction and relapse during his probation but argues that he "was making an effort to address his addiction." He points out that he arranged for future inpatient treatment, that his failed drug tests occurred during a difficult time for his family's health, and that he maintained employment while on probation.

But these positives do not outweigh Lee's failures on probation. Lee had tried and quickly failed to complete one inpatient drug treatment program and missed several outpatient treatment sessions. During that time, Lee tested positive many times for various combinations of methamphetamine, THC, and amphetamines. Lee's actions while on probation showed continuing drug use and an unwillingness or inability to consistently partake in drug treatment. Even a significant 120-day jail sanction imposed by the district court did little to encourage change. Under these circumstances, the district court's decision to revoke Lee's probation was not arbitrary or unreasonable. Nor does Lee claim that the district court's action was based on a mistake of fact or law. Thus, Lee has not shown that the district court abused its discretion by revoking his probation.

Affirmed.