NOT DESIGNATED FOR PUBLICATION

No. 127,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS PREBBLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed December 27, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  Curtis Prebble appeals the district court's decision to revoke his probation and ordering him to serve a modified prison sentence of 36 months—after admitting to several probation violations. We granted Prebble's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. Based on our review of the record on appeal, we find that the district court did not abuse its discretion. Thus, we affirm.

FACTS

On February 16, 2023, Prebble pled guilty to forgery that he committed in August 2021. Prior to sentencing, he moved for a dispositional departure. At the sentencing hearing, the district court sentenced Prebble to a presumptive sentence of 41 months' imprisonment. Even so, the district court granted Prebble's motion for dispositional departure and placed him on probation for a term of probation for 24 months.

On February 7, 2024, Prebble stipulated to several probation violations including the commission of new crimes. Specifically, he stipulated to—among other things—committing the crimes of counterfeiting or forgery and theft by deception. In light of these violations, the district court revoked Prebble's probation and ordered him to serve his modified underlying prison sentence.

Thereafter, Prebble filed a timely notice of appeal.

ANALYSIS

On appeal, Prebble contends that the district court "abused its discretion by refusing to reinstate [his] probation as [he] established a need for addiction treatment." In response, the State contends that Prebble has "failed to present any compelling facts to support a finding that the district court abused its discretion when revoking probation and imposing sentence." We agree with the State.

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established a violation of the conditions of probation, the decision whether to revoke probation and whether to order the offender to serve his or her underlying sentence rests in the district court's sound discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of

2

discretion only if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on a mistake of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case Prebble—bears the burden of proof. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Additionally, where there is a question of whether the district court's findings are supported by substantial competent evidence, we apply a mixed standard of review. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021). First, we review the record on appeal to determine whether it contains material evidence that a reasonable person might accept to sufficiently support a conclusion. Second, we determine whether substantial competent evidence supports the district court's legal conclusions. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

Here, the district court had discretion to revoke Prebble's probation—without imposing an intermediate sanction—because he committed a new criminal offense while on probation. See K.S.A. 22-3716(c)(7)(C). Likewise, an intermediate sanction was not required since Prebble was placed on probation as a result of a dispositional departure. See K.S.A. 22-3716(c)(7)(B); *Coleman*, 311 Kan. at 337. Moreover, there is no contention that the district court made an error of law or a mistake of fact. Accordingly, the only question before us is whether the district court's decision was arbitrary, fanciful, or unreasonable.

It is undisputed that Prebble violated the conditions of his probation by committing new crimes alongside other technical violations. And while reasonable people may differ about whether to reinstate Prebble's probation—to allow him to receive treatment for his drug addiction. Still, we cannot say that the district court abused its discretion in not doing so. Because the district court's decision is based on substantial

3

competent evidence in the record and was not arbitrary, fanciful, or unreasonable, we affirm.

Affirmed.