NOT DESIGNATED FOR PUBLICATION

Nos. 127,519
127,520

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEWIS EARL BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed January 24, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Lewis Earl Bell appeals the district court's decision to revoke his probation and impose the original prison and jail terms in two cases consolidated for appeal. This court granted Bell's request for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State does not contest summary disposition. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

In Sedgwick County District Court case No. 2021 CR 1624 (Case 1), Bell entered guilty pleas to possession of methamphetamine and driving under the influence (DUI) as

1

part of a plea agreement with the State. The district court sentenced Bell to a prison term of 11 months for the methamphetamine conviction and a consecutive term of 12 months in jail and a $1,250 fine for the DUI conviction. The district court granted 18 months' probation with community corrections to accommodate mandatory drug treatment.

While on bond shortly after the plea hearing but before sentencing in Case 1, Bell committed domestic battery and was arrested and charged in Sedgwick County District Court case No. 2022 CR 787 (Case 2). He again entered a plea agreement with the State, pleading guilty to domestic battery. The district court imposed a jail sentence of 12 months and a $1,000 fine, ordering the jail term to run consecutive to the sentences in Case 1. The district court again granted probation following 90 days in jail.

Nearly a year after sentencing in Case 2, the State moved to revoke Bell's probation in both cases for technical violations of the conditions of his probation. Bell admitted to the allegations in the warrant. The district court imposed a 72-hour jail sanction and required Bell to serve 60 days in jail with early release if a space in residential corrections became available. The district court extended probation in Case 1 for 18 months and extended probation for 12 months in Case 2. The district court ordered Bell to enter sober living after completion of residential corrections.

Less than two months later, the State again moved to revoke probation, alleging that Bell had failed to obtain employment, failed to complete a DUI victim panel as ordered, failed to complete a defensive driving class, and failed to check in at his place of assignment for over 24 hours. Bell again admitted to the allegations in the warrant. The district court referred the case to the drug court and continued disposition to a later date. At the dispositional hearing, the district court reported that Bell was ineligible for drug court and, after discussing Bell's probation history, revoked Bell's probation in each case and imposed the original sentences. Bell timely appealed the district court's judgment in each case. This court consolidated the cases for appeal.

ANALYSIS

Bell claims the district court "erred by unreasonably revoking his probation," although he concedes the district court had discretion to do so. The State asserts that Bell has failed to present any compelling facts to show an abuse of discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a violation of the defendant's probation is established, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

We observe that the district court had already sanctioned Bell for an earlier probation violation, so it was authorized to revoke Bell's probation on the second violation without imposing other sanctions. See K.S.A. 22-3716(c)(1)(C). Bell makes no claim the district court violated the statute in revoking his probation.

Bell admitted to violating the conditions of his probation, but he contends the district court acted unreasonably in revoking his probation because he "was trying to find a job and complete the programs he had been ordered to complete on probation." Acknowledging Bell's homelessness, the district court reviewed the State's attempts to assist Bell to succeed on probation. The district court had ordered Bell to be placed in residential supervision, but he failed to comply with the curfew rules. Community corrections tried electronic monitoring of Bell, but he often failed to report at his place of assignment. The district court had imposed various jail sanctions, but none of the sanctions reformed Bell's behavior. The district court determined that it was out of

3

options to help Bell successfully complete his probation. Given Bell's failed probation opportunities, the district court's decision to revoke Bell's probation was reasonable. Bell consistently proved that he could not or would not comply with the conditions of his probation, even when placed in a structured residential setting. Thus, Bell fails to show the district court abused its discretion in revoking his probation and imposing his underlying sentences.

Affirmed.