NOT DESIGNATED FOR PUBLICATION

No. 127,244

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN MICHAEL VICKERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Opinion filed January 31, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Nathan Michael Vickers appeals the district court's decision to impose his underlying prison sentence following the revocation of his probation. We granted Vickers' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State agreed that summary disposition is appropriate. Finding no error, we affirm.

Vickers pleaded guilty to robbery and despite his criminal history score of A, the district court granted Vickers' request for a dispositional departure and placed him on probation for 36 months, with an underlying prison sentence of 130 months. The sentencing judge believed that given the fact Vickers was in recovery following his completion of substance abuse treatment, was gainfully employed full time, and accepted

1

responsibility for his actions, that substantial and compelling reasons existed to grant a more lenient sentence. A portion of the probation conditions imposed by the district court generally required Vickers to report to his probation officer and follow the instructions given, refrain from the consumption of alcohol, cereal malt beverages, or illegal drugs, and participate in, cooperate with, and successfully complete all evaluations, treatment, and other programs required by his supervising officer.

Vickers ultimately failed to report to probation or attend drug treatment and engaged in the use of illegal drugs, thereby prompting the State to pursue the revocation of his probation. This marked the second time that Vickers violated the terms and conditions of his probation. The first resulted in a three-day jail sanction from his supervising officer.

A hearing was conducted on the State's motion and Vickers stipulated to violating the requirements of his probation. The district court found him in violation of his probation and revoked the same. Defense counsel argued it was too soon to order Vickers to serve his prison term and encouraged the district court to require inpatient treatment so Vickers' might have another opportunity to pursue his goal for sobriety. The judge was not persuaded and concluded that imposition of Vickers' underlying sentence was the more appropriate disposition under the circumstances.

Vickers now brings his case to this court for a determination of whether the district court's refusal to reinstate his probation constituted an abuse of discretion.

It is Vickers' contention that the district court's refusal to reinstate his probation was unreasonable because Vickers clearly established a need for addiction treatment. The State counters that the decision was reasonable and not the product of either a legal or factual error.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probationer has stipulated to violating the conditions of probation, the decision whether to revoke probation rests within the sound discretion of the district court. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting that the district court abused its discretion bears the burden of demonstrating error. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

When a district court concludes that revocation of an offender's probation is warranted, K.S.A. 22-3716 provides a framework for the court's exercise of its discretion with respect to disposition. Typically, a district court must impose intermediate sanctions before revoking a defendant's probation. See K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances). Nevertheless, K.S.A. 22-3716(c)(7)(B) allowed the district court to bypass those sanctions because Vickers' probation was originally granted as the result of a dispositional departure. See *Coleman*, 311 Kan. at 337.

Vickers asserts that the district court's imposition of his prison term was arbitrary, fanciful, or unreasonable. But the transcript of the revocation hearing reflects that the district court afforded Vickers' criminal history and the underlying crime very measured consideration. The record before us shows that Vickers has battled mental health issues for quite some time and was homeless at the time of the underlying crime. He pleaded guilty to robbery, admitting that he forcibly took a backpack from another homeless person and potentially injured her in the process.

Reasonable people could differ on whether reinstatement of probation was appropriate for Vickers as evidenced by the sentencing transcript which shows reasonable

3

people argued in support of that avenue. During their initial pursuit of a dispositional departure, Vickers and his counsel presented evidence that he attended treatment, maintained employment, and adapted to mental health issues. Even the prosecutor stated, "I never expected Mr. Vickers to do this well. I'm impressed with how much he has accomplished and how he's remained clean." Vickers presented 17 points of progress since being released from jail, ultimately convincing the sentencing court to give him "a huge break" by putting him on probation. But by the time of the revocation hearing, Vickers circumstances had deteriorated—he failed to report to probation, failed to attend treatment, and resumed using drugs and alcohol. We decline to find that the district court's decision to impose Vickers' prison sentence was one that no reasonable person would agree with. Thus, Vickers has not met his burden to show that the district court abused its discretion by revoking his probation and ordering him to serve his prison term.

Affirmed.