NOT DESIGNATED FOR PUBLICATION

No. 123,195

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON CASEY MORGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 17, 2021.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Aaron Casey Morgan appeals the district court's revocation of his
probation and imposition of his underlying prison sentence. Recognizing the district court
has the discretion to require him to serve his underlying sentence in this case, Morgan
filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court
Rule 7.041A (2021 Kan. S. Ct. R. 48). In response, the State agreed that Morgan's appeal
was suitable for summary disposition. As such, we granted Morgan's motion and
proceeded to review the record on appeal to determine if the district court erred. Based on
our review of the record, we conclude that the district court did not abuse its discretion in
revoking Morgan's probation or in requiring him to serve his underlying sentence. Thus,
we affirm the district court's decision.

1

FACTS

Morgan pled no contest to one count of aggravated battery. In June 2016, the district court sentenced Morgan to 16 months in prison, but granted him probation for a period of 18 months. A few months later, in December 2016, the State moved to revoke Morgan's probation. He stipulated to the violations as alleged and the district court ordered him to serve a 120-day jail sanction. In addition, the district court also extended Morgan's probation for an additional 18 months.

Unfortunately, Morgan continued to fail to comply with the terms of his probation and the State moved to revoke his probation a second time in September 2017. Again, Morgan stipulated to the allegations. This time, the district court ordered Morgan to serve a 180-day jail sanction and extended Morgan's probation for another 18 months.

In September 2019, the State moved to revoke Morgan's probation for a third time. Once again, Morgan stipulated to the allegations. On this occasion, the district court once again extended Morgan's probation for an additional 18 months.

Finally, in April 2020, the State filed a fourth motion to revoke Morgan's probation and the district court conducted a probation revocation hearing. After hearing the evidence and arguments presented, the district court found that Morgan had yet again violated the terms of his probation. Consequently, the district court revoked Morgan's probation and ordered him to serve his underlying sentence.

ANALYSIS

On appeal, Morgan contends that the district court abused its discretion by failing to reinstate his probation. A decision to revoke probation is generally reviewed by our court for abuse of discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828

(2020). A district court abuses its discretion only when its decision is (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

A review of the record in this case reveals that Morgan repeatedly violated the conditions of his probation. The district court gave Morgan multiple opportunities to succeed. Unfortunately, he could not do so. In light of his repeated failures to comply with the conditions of his supervision, we find that it was reasonable for the district court to conclude that Morgan is not amenable to probation. Likewise, we find that Morgan has failed to show that the district court's decision was based on an error of law or on an error of fact.

Under these circumstances, we conclude that the district court did not abuse its discretion by revoking Morgan's probation or by reinstating his underlying sentence.

Affirmed.