NOT DESIGNATED FOR PUBLICATION

No. 123,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DRAKE A. DUNN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Drake A. Dunn appeals the revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error, we affirm.

In August 2019, Dunn pleaded guilty to burglary, a nonperson felony. The district court sentenced Dunn to 22 months' imprisonment and 12 months of postrelease supervision but granted Dunn 24 months' probation.

The State later filed warrants alleging Dunn violated the conditions of his probation and committed new crimes—theft, embezzlement of property, aggravated

1

burglary, violation of a protection from abuse order, and trespass. While arguing against the State's case at an evidentiary hearing on the matter, defense counsel admitted that Dunn had violated a protection order and that the State's evidence possibly established that Dunn had committed trespass.

The district court found Dunn committed the crimes of theft and trespass, but it dismissed the State's allegations of aggravated burglary and embezzlement of property. The court also found Dunn violated the terms of his probation by failing to report to his probation officer or attend a skills assessment as directed. As a result, the district court revoked Dunn's probation and ordered him to serve the 22-month prison sentence previously imposed. Dunn timely appeals.

When a probationer violates the terms and conditions of probation, we review the propriety of the district court's sanction for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). It is Dunn's burden to show an abuse of discretion occurred. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Dunn fails to meet his burden here. He challenges the district court's decision revoking his probation and ordering him to serve his underlying sentence. He does not, however, state a basis for his claim. Dunn does not assert legal or factual error and fails to argue how the decision was unreasonable.

Our review of the record establishes that the decision was legally and factually sound. After finding Dunn committed new offenses, the district court was authorized to revoke Dunn's probation under K.S.A. 2018 Supp. 22-3716(c)(8)(A). The State presented sufficient evidence to support that finding, and Dunn admitted to violating a protection

2

order. And the court found Dunn committed other conditional violations and was not amenable to probation, noting Dunn repeatedly failed to take advantage of treatments aimed at assisting him with his ongoing drug issues. We find nothing unreasonable about the district court's decision to revoke Dunn's probation and impose his underlying sentence under these circumstances. We therefore affirm.

Affirmed.