NOT DESIGNATED FOR PUBLICATION

No. 123,749

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEMPLE HUNTER RIGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: The district court placed Temple Hunter Riggs on probation after he pleaded no contest to possession of methamphetamine. The district court subsequently revoked Riggs' probation and imposed his underlying sentence. Riggs argues that the district court abused its discretion by imposing his underlying sentence instead of an intermediate sanction. We granted Riggs' motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error, we affirm.

1

On April 19, 2019, Riggs pleaded no contest to one count of possession of methamphetamine pursuant to a plea agreement. In return, the State dismissed a charge of violation of a protection order that prohibited Riggs from having any contact with J.O.as a condition of Riggs' pretrial release on another matter. The district court accepted the plea, found him guilty, and sentenced Riggs to 24 months' imprisonment. The prison term was suspended on the condition that Riggs successfully complete 18 months' probation. One of the conditions of probation was that Riggs not have contact with any person identified by the court or his court services officer.

While on probation, Riggs received several sanctions for violating his probation, including a 120-day jail sanction.

Riggs returned to the district court on March 9, 2021, for a probation revocation hearing. Riggs stipulated to committing a new crime while on probation. Riggs had been advised by his court services officer on numerous occasions not to have contact with J.O. The new crime that he stipulated to committing, for the purposes of the revocation hearing, was aggravated domestic battery against J.O. The district court revoked Riggs' probation and imposed his underlying sentence because Riggs committed a new crime. The district court also found that, based on the number of services provided to Riggs, he was no longer amenable to probation.

Riggs timely appeals.

ANALYSIS

Riggs alleges the district court abused its discretion when it ordered him to serve his underlying sentence rather than ordering an intermediate sanction. Riggs does not challenge the district court's finding that he committed a new crime.

An appellate court reviews the propriety of a probation revocation by a district court for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging an abuse of discretion has the burden of proving its existence. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A district court possesses limited authority to revoke an offender's probation and impose an underlying sentence. It must first exhaust the statutorily prescribed intermediate sanctions unless an enumerated exception exists to bypass intermediate sanctions. *State v. Dooley*, 308 Kan. 641, 649, 423 P.3d 469 (2018).

Riggs stipulated to committing a new crime on probation. The district court revoked his probation and imposed Riggs' underlying sentence because of the new crime violation.

The district court had the authority to bypass any remaining intermediate sanctions and impose Riggs' underlying sentence. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Riggs does not dispute the district court's authority to do so but argues the district court abused its discretion because a 180-day sanction was still available. Riggs does not explain why the imposition of his underlying sentence was an abuse of discretion beyond the availability of the 180-day sanction.

3

While a 180-day sanction had not been utilized, the commission of a new crime grants the district court statutory authority to bypass that sanction and impose the underlying prison sentence. The district court acted within its legal authority by doing so. The decision was a reasonable one as Riggs had received several sanctions, continued to test positive for drugs, and violated his no-contact order—the latter of which resulted in the commission of the crime of aggravated domestic battery against J.O.—the same person he had been advised repeatedly against contacting.

Affirmed.