NOT DESIGNATED FOR PUBLICATION

Nos. 123,953
123,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAUNTSYE D. LOVE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed December 10, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Sauntsye D. Love appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. He asserts the district court abused its discretion by revoking his probation.

We granted Love's unopposed motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on appeal and finding no error, we affirm the district court's decision.

This matter involves two district court cases that were consolidated for the purposes of appeal. In 15CR1513, Love pleaded guilty to possession of marijuana after a prior conviction. The court sentenced Love to a 12-month suspended prison sentence and 12 months' probation.

Love violated his probation several times and received two-day jail sanctions on two separate occasions. Love also did not appear for one of his scheduled probation violation hearings. Then, while still on probation, Love was sentenced for a new crime of possession of marijuana with intent to distribute in 17CR488. The district court granted his motion for a dispositional departure and sentenced him to a suspended prison sentence of 54 months and 36 months' probation. Approximately six months later, Love violated his probation in both cases by failing to report to his probation officer and committing new crimes (possession of cocaine and driving while suspended). He did not appear for his initial probation violation hearing. At a later probation violation hearing, Love received a 180 days' prison sanction and his probation was extended for 12 months.

Upon release from his prison sanction, Love again violated his probation in both cases by failing to report. He did not appear for two scheduled probation violation hearings and failed to report to pretrial services. Once he finally appeared, he admitted his probation violation. The district court revoked Love's probation and sentenced him to a modified sentence of 51 months in prison in 17CR488 and imposed his 12 months' prison sentence in 15CR1513. The court ordered Love's prison sentences to run concurrently. In deciding to revoke Love's probation, the court relied upon what is known as the "offender welfare" exception in K.S.A. 2020 Supp. 22-3716(c)(7)(A). The district court found continuing probation would be detrimental to Love's welfare because, while on probation, Love continued to use and possess drugs and failed to appear for court. The court found such behavior placed Love in dangerous situations, which also placed him at risk of being arrested and engaging in confrontations with law enforcement officers.

On appeal, Love argues the district court erred by imposing his original sentence upon revoking probation. Love argues the court abused its discretion because his best interests would be served by continuing probation so he could undergo mental health and substance abuse treatment.

We review district court decisions to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party alleging an abuse of discretion bears the burden of proof. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

On appeal, Love concedes that, in 15CR1513, the district court possessed the discretion to revoke his probation for any reason, including lack of amenability for probation. K.S.A. 2014 Supp. 22-3716(c)(1)(E). Love also concedes that in 17CR488, the district court properly invoked the offender welfare exception to revoke his probation. K.S.A. 2016 Supp. 22-3716(c)(9). Love does not claim the court committed a factual error, nor does he show that no reasonable person would have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.