NOT DESIGNATED FOR PUBLICATION

Nos. 123,775
123,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS FLORENCE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed December 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Douglas Florence Jr. appeals the district court's revocation of his probation and order sending him to prison to serve his modified sentence. He asked permission not to file a brief and we granted Florence's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. 48). After our review of the record, we find no factual or legal errors, nor an abuse of discretion by the district court. We affirm.

1

*Guilty of two crimes, Florence was sentenced, sanctioned, and sent to prison.*

Florence pled guilty to one count of aggravated battery in August 2018. The court sentenced him to a 26-month prison term followed by 12 months of postrelease supervision. The court suspended his incarceration and placed Florence on probation for 24 months. Because he committed this domestic battery with a deadly weapon, he was also required to register as an offender under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. When Florence failed to follow the registration requirements the State charged him with a felony offender registration violation. Florence pled guilty to this crime and the court sentenced him to 26 months' imprisonment followed by 12 months of postrelease supervision, but it again placed him on probation for a term of 24 months.

Several months later, the court ordered Florence to serve a 60-day jail sanction because he had failed to report to his intensive supervision officer on several occasions and had failed to obtain employment. The court returned Florence to probation, but things did not go well.

After that, the State alleged that Florence had committed several new crimes: domestic battery, aggravated battery, and obstruction of a law enforcement officer. But upon further reflection the State limited its allegations to only that Florence had committed another offender registration violation in March 2020.

At the revocation hearing, Florence stipulated to this violation. The court found he had violated the conditions of his probation in both the 2018 aggravated battery and the prior offender registration cases by committing the new crime. Florence asked the court to reinstate his probation so that he could continue to work to support his mother and siblings. The court denied his request and revoked his probation in both cases. The court ordered him to serve a modified, 15-month sentence for each case, to be served

concurrently. The court then sentenced Florence to serve 34 months' imprisonment for the March 2020 registration offense to be served consecutive to the 15-month sentence.

Florence appeals the revocation of his probation in both cases and contends the district court erred by ordering him to serve a modified prison sentence instead of leaving him on probation.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. A district court abuses its discretion when it steps outside the framework or fails to properly consider statutory standards. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The burden is on Florence to show the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Florence stipulated to committing an offender registration offense while he was on probation for aggravated battery and a prior offender registration offense. Accordingly, the district court had the legal authority to revoke his probation under K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Florence does not point out any errors of law or fact in the court's decision. Our review of the record shows that the court's decision was not arbitrary, fanciful, or unreasonable. It acted well within its discretion when it ordered Florence to serve a modified prison term after he violated the terms of his probation by committing a new crime.

Affirmed.