NOT DESIGNATED FOR PUBLICATION

No. 123,465

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD D. HARRIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed January 7, 2022.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM:  Edward D. Harris Jr. appeals the district court's revocation of his
probation and the imposition of his underlying prison sentence. He asserts the district
court abused its discretion by revoking his probation.

We granted Harris' unopposed motion for summary disposition pursuant to
Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on
appeal and finding no error, we affirm the district court's decision.

Harris entered an *Alford* plea to two felony stalking charges and one misdemeanor
stalking charge for incidents that occurred in 2014. His motion for downward

1

dispositional departure was granted, and he was sentenced to a 22-month suspended prison sentence, a 12-month suspended jail sentence, and 12 months' probation.

Harris' probation was extended twice for his failure to comply with certain conditions. He then violated his probation by committing a new crime (operating a vehicle without a license) and received a two-day jail sanction. In February 2018, he violated his probation again by committing new crimes. This time, he entered a plea agreement for the new crimes in which he waived his right to an evidentiary hearing on the probation violation and also admitted his plea to the new crimes provided adequate foundation to revoke his probation. His probation was revoked, and he was sentenced to a modified prison term of 22 months. In the other case, Harris filed a motion to withdraw those pleas. The district court denied the motion, and a panel of this court affirmed that ruling. *State v. Harris*, No. 123,466, unpublished opinion filed December 30, 2021 (Kan. App.).

On appeal, Harris does not dispute the district court's legal authority to revoke his probation. Instead, he simply argues the court abused its discretion (without articulating how). We review district court decisions to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party alleging an abuse of discretion bears the burden of proof. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

We find the district court was well within its discretion to revoke Harris' probation and order him to serve his underlying sentence, as modified by the district court.

Affirmed.