NOT DESIGNATED FOR PUBLICATION

No. 124,094

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHEL A. BATTLES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed February 11, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Michel A. Battles appeals the district court's decision to revoke his probation and impose his underlying prison sentence. He asserts the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence.

We granted Battles' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. at 48). The State responded and agreed summary disposition was appropriate. After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

On December 11, 2020, Battles pled guilty to one count of criminal threat, a severity level 9 nondrug person felony, for conduct that occurred on November 20, 2020. The district court sentenced Battles to 12 months of probation with an underlying sentence of 11 months' imprisonment.

In April 2021, the district court issued a warrant alleging Battles violated his probation when he committed new crimes, failed to obtain a drug and alcohol evaluation, failed to obtain a mental health evaluation, failed to obtain a domestic violence offender assessment, and failed to make payments on court costs and fees. The new crimes were specified as the hit and run of a parked vehicle, as well as knowingly driving without a valid license or insurance and inattentive driving.

The district court held a hearing on Battles' probation violations where Battles admitted to all allegations in the warrant except the allegations concerning the new crimes, for which he requested an evidentiary hearing.

After holding an evidentiary hearing on the disputed allegations, the district court held that the State presented sufficient evidence that Battles violated his probation by committing the hit and run of a parked vehicle and inattentive driving. Because of these new crimes and his failure to adhere to the other requirements of his probation, the district court revoked Battles' probation and imposed his original 11-month prison sentence.

Battles timely appeals from the district court's decision.

ANALYSIS

On appeal, Battles claims the district court abused its discretion by imposing his underlying sentence when alternative sanctions remained a viable alternative to imprisonment.

We review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Battles bears the burden of showing an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

While it is true that a district court must usually apply intermediate sanctions before revoking probation, there are exceptions that allow a district court to bypass those sanctions under certain circumstances. See K.S.A 2020 Supp. 22-3716(c)(1), (c)(7). One of those exceptions allows intermediate sanctions to be bypassed in the event "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A 2020 Supp. 22-3716(c)(7)(C).

This exception is what the district court relied on when it revoked Battles' probation. As we have noted, the district court sentenced Battles to 12 months of probation after he pled guilty to one count of criminal threat. The State alleged Battles committed new crimes while he was on probation. Following an evidentiary hearing, the district court agreed that Battles had committed at least two of the alleged new crimes: inattentive driving and hit and run of a parked vehicle. Thus, the State established that Battles violated the terms of his probation.

3

Importantly, Battles does not challenge the district court's finding that he committed new crimes while on probation, but he argues that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence because there were viable alternatives to imprisonment. However, because of the unchallenged finding by the district court that he did, in fact, commit new crimes while on probation, the court had discretion to order him to serve his underlying sentence. We believe that decision was not unreasonable. Additionally, Battles does not argue there were any errors of fact or law in the district court's decision, and he has failed to show that no reasonable person would have taken the district court's position.

Based on the record before us, we conclude the district court did not abuse its discretion in revoking Battles' probation and ordering him to serve his underlying sentence.

Affirmed.