NOT DESIGNATED FOR PUBLICATION

No. 123,644

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTIN ELIZABETH REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed February 25, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Kristin Elizabeth Reed appeals the revocation of her probation and imposition of her underlying sentence. We granted Reed's motion for summary disposition of her appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record, we find no abuse of discretion and affirm.

The State charged Reed with felony theft, conspiracy to commit theft, and felony possession of methamphetamine. After negotiating with the State, Reed pleaded to the crimes as charged. The district court accepted Reed's plea. Based on Reed's criminal history score of A, the district court sentenced her to 42 months of imprisonment

1

followed by 12 months of postrelease supervision, but suspended the sentence and placed her on probation for 12 months.

About seven months after Reed was placed on probation, the State moved to revoke her probation, alleging she had violated the conditions of her probation by refusing to submit to several drug screenings, failing the urinalyses she did take, failing to report to her probation officer, not maintaining mandated appointments, and committing new crimes (possession of methamphetamine, possession of drug paraphernalia, and possession of marijuana). At the revocation hearing, Reed's probation officer outlined her violations and noted that she had pleaded guilty to the charge of possession of drug paraphernalia. Despite her violations, Reed requested the court grant her another opportunity to participate in drug treatment and highlighted her family's struggles due to the COVID-19 pandemic. The district court found Reed's criminal history of over 30 prior convictions and her failure to comply with the terms of her probation to be salient, revoked her probation, and imposed her original sentence.

Reed appeals the revocation of her probation and imposition of her underlying sentence, arguing the district court abused its discretion. She does not provide any rationale supporting her contention.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion when it steps outside the framework or fails to properly consider statutory standards. See 311 Kan. at 334. The burden is on Reed to show the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Based on the facts of this case, when a district court decides to revoke probation and order a defendant to serve his or her underlying sentence, the court must exercise its

discretion within the statutory framework of K.S.A. 2017 Supp. 22-3716. Generally, a district court is required to impose graduated intermediate sanctions before revoking an offender's probation. There are several exceptions that allow a district court to revoke probation without having previously imposed an intermediate sanction. See K.S.A. 2017 Supp. 22-3716(c)(8), (9). One such exception permits a district court to do so if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Reed committed new crimes less than a year after the district court placed her on probation. She also failed to comply with many of the terms of that probation, such as submitting to urinalysis testing and keeping regular appointments with her probation officer. Although Reed appears to recognize that the court had the legal authority to revoke her probation and impose her underlying sentence, she nonetheless contends that the court abused its discretion in doing so. Reed fails to persuade us that no reasonable person would have taken the view of the district court.

Our review of the record shows the district court acted well within its discretion when it ordered Reed to serve her underlying sentence. The commission of new crimes, her multiple failures to comply with probation, and her extensive criminal history provide more than a sufficient basis to revoke probation and impose the underlying sentence. Reed does not point to any errors of law or fact underpinning the district court's decision, nor does she show that no reasonable person would have taken the same position.

Affirmed.