NOT DESIGNATED FOR PUBLICATION

Nos. 122,393
122,394
122,395

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL WAYNE MCHENRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 22, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Daniel Wayne McHenry appeals the district court's revocation of his probation and imposition of the underlying sentences arising from three Saline County cases: 15CR587 (Case 1), 17CR992 (Case 2), and 17CR1191 (Case 3), which we consolidated for appeal. We granted McHenry's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Based on the record, we find the district court did not abuse its discretion and affirm.

FACTUAL AND PROCEDURAL HISTORY

In August 2015, McHenry entered a no-contest plea in Case 1 to two counts of distributing marijuana and one count of unlawful possession of methamphetamine. McHenry then filed a motion for a dispositional departure to probation. The court granted a dispositional departure and sentenced McHenry to 49 months in prison but released him on probation for a term of 18 months. After serving 17 months of probation, McHenry voluntarily extended his probation 12 months for violating his probation by using drugs.

While McHenry was on probation, the State charged him in two new cases—Case 2 and Case 3, in late 2017. Under a plea agreement in Case 2, McHenry pleaded no contest to theft of a firearm and criminal possession of a firearm by a felon. Also under the agreement, McHenry pleaded no contest in Case 3 to one count each of possession of methamphetamine, driving without a license, and speeding. The State moved to revoke McHenry's probation in Case 1 based on committing these new crimes.

In July 2018, the district court sentenced McHenry for Cases 2 and 3 and ruled on the motion to revoke his probation in Case 1. Ultimately, the district court sentenced him in the new cases to 14- and 20-month consecutive prison sentences, respectively, but released McHenry to 18 months of probation. In Case 1, the district court established that McHenry had served two 2-day jail sanctions and reinstated probation for 18 months.

The State moved to revoke probation in all three cases in February 2019, claiming McHenry failed to report to his supervisor, inform his supervisor of his address, comply with curfew, refrain from using drugs, and comply with treatment programs. McHenry stipulated to the violations. Because McHenry had served another 2-day jail sanction, bringing his total to three, the district court ordered McHenry serve a 180-day prison sanction and extended his probation 12 months.

Eight months after the court reinstated McHenry's probation, the State again moved to revoke probation for multiple violations, including failure to report for drug screening, remain drug and alcohol free, report to his supervisor, comply with treatment, abide curfew, complete community service hours, and pay court costs. The district court found McHenry had violated the terms of his probation and revoked McHenry's probation in all three cases. Before sentencing for the violations, the district court corrected an illegal sentence in Case 1 and revised his sentence to 15 months of prison. The district court then ordered McHenry to serve a cumulative 49 months in prison on all three cases.

ANALYSIS

On appeal, McHenry argues that the district court abused its discretion when it ordered him to serve his underlying sentences after finding he violated his probation. When we review the district court's decision to impose a sanction for a violation of probation, the standard of review is an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A district court abuses its discretion when a decision is arbitrary, fanciful, or unreasonable, or the decision is based on an error of fact or law. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

Although the offenses occurred in 2015 and 2017, both K.S.A. 2015 Supp. 22-3716(c)(1)(E) and K.S.A. 2017 Supp. 22-3716(c)(1)(E) apply the same progressive sanctions for probation violations. Because the applicable statute depends on the date the offenses occurred, the district court had to impose intermediate sanctions before it could revoke probation. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). The district court may revoke probation when the district court has already sanctioned the defendant and finds that the defendant violated the terms of his probation again under K.S.A. 2017 Supp. 22-3716(c)(1)(E).

3

The district court did not abuse its discretion when it revoked McHenry's probation. McHenry does not argue the district court based its decision on an error of fact and McHenry concedes the district court did not make an error of law. The district court properly applied the law when it imposed intermediate sanctions before revoking McHenry's probation. McHenry served multiple two-day jail sanctions under K.S.A. 2017 Supp. 22-3716(b)(4). Following the jail sanctions, the district court properly ordered a 180-day prison sanction in February 2019. K.S.A. 2017 Supp. 22-3716(c)(1)(D). Because the district court imposed multiple intermediate sanctions, the district court could revoke his probation under K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Finally, the court did not make a decision that was arbitrary, fanciful, or unreasonable. Because McHenry violated probation multiple times, including subsequent criminal convictions while on probation, the district court's decision to revoke probation and impose the underlying sentences was reasonable. We, therefore, affirm the district court's revocation of McHenry's probation.

Affirmed.