NOT DESIGNATED FOR PUBLICATION

No. 124,658

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL DAVID ACEVEDO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed July 29, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.


PER CURIAM: Manuel David Acevedo appeals the district court's decision to revoke his probation. We granted Acevedo's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State has not responded. Even so, we affirm the district court's ruling.


FACTUAL AND PROCEDURAL HISTORY


For conduct that occurred on October 23, 2019, the State charged Acevedo with one count each of possession of methamphetamine with intent to distribute, a severity level 2 drug felony; interference with a law enforcement officer, a severity level 9 nonperson felony; and driving while license suspended, a class A nonperson

1

misdemeanor. Under a plea agreement, Acevedo pled guilty to the possession of methamphetamine with intent to distribute charge, and the other two charges were dismissed. Acevedo had a criminal history score of E, and the district court imposed a prison sentence of 111 months. But the court granted Acevedo a dispositional departure and suspended the prison sentence in favor of 36 months of probation.

Within seven months of being placed on probation, Acevedo failed to report as directed eight times and failed a urinalysis test. He also stipulated to violating his probation by using illegal drugs three times. As a result, the district court revoked his probation and imposed a modified prison sentence of 60 months.

ANALYSIS

Acevedo appeals the revocation of his probation. In his motion for summary disposition, Acevedo argues that the district court abused its discretion by ordering him to serve the modified prison sentence rather than reinstating his probation. But Acevedo recognizes that upon violation of his probation, the district court had discretion to revoke probation and order him to serve the sentence imposed, or any lesser sentence.

This court reviews a decision to revoke probation under an abuse of discretion standard. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Abuse of discretion is satisfied if the action "is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact." *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

To find that the district court committed an error of fact we must find that substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *Davis*, 312 Kan. at 276. Acevedo does not direct us to any factual finding of the district court that he claims was not

2

supported by substantial competent evidence. So he does not claim a factual error in the district court's decision.

Although a district court may revoke probation after finding a violation, an intermediate sanction is required before revocation, unless an exception applies. *State v. Dooley*, 308 Kan. 641, 647-48, 423 P.3d 469 (2018*)*; K.S.A. 2019 Supp. 22-3716(c)(1). One exception is if probation "was originally granted as the result of a dispositional departure." K.S.A. 2019 Supp. 22-3716(c)(7)(B). At sentencing, Acevedo was granted a dispositional departure. Thus, the district court had legal authority to revoke his probation without any intermediate sanctions in this situation, so there was no legal error.

Finally, because Acevedo does not dispute that the district court had discretion to revoke probation, he bears the burden of showing that no reasonable person would have taken the view adopted by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Here, the record does not support Acevedo's argument that the district court's decision to revoke his probation was arbitrary, fanciful, or unreasonable. Acevedo is a registered narcotics trafficker with a history of drug addiction and unsuccessful probation. He was on probation for a 2015 felony drug case when the State charged him with felony possession in the current case. The State filed three motions to revoke probation in the 2015 case, and Acevedo served two "quick-dip" jail sanctions. Acevedo was also on felony bond in another criminal case from 2019 when he committed the current possession charge, and he has a new possession charge pending in a 2021 case. The sentence in the current case was presumptive prison, but the district court, once again, gave him a chance at probation. Acevedo violated his probation 10 times by failing to report, failing a urinalysis, and admitting to three instances of drug use.

3

Under these facts, Acevedo fails to show that no reasonable person could have taken the view adopted by the district court. Thus, we find the district court did not abuse its discretion by revoking Acevedo's probation and imposing a modified sentence.

Affirmed.