NOT DESIGNATED FOR PUBLICATION

Nos. 127,276
127,277

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEWIS EARL BELL
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 27, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM:  Lewis Earl Bell appeals the district court's judgment extending his probations in two cases, imposing intermediate jail sanctions, and ordering that he complete a residential program. Bell claims the district court abused its discretion by extending his probation in one case by 18 months when the parties recommended a 12-month extension. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

On May 27, 2022, in case No. 21-CR-1624, Bell pleaded guilty to one count of possession of methamphetamine and one count of driving under the influence (DUI). The

1

district court sentenced Bell to 11 months' imprisonment on the drug count and 12 months in jail on the DUI but granted probation for 18 months. On September 26, 2022, in case No. 22-CR-787, Bell pleaded guilty to one count of domestic battery. The district court sentenced him to 12 months in jail but also granted probation.

Soon after, on October 27, 2023, a warrant was issued alleging that Bell had failed to obtain employment, complete a DUI victim panel, complete a defensive driving class, and was out of his place of assignment for more than 24 hours in violation of the probation terms in both cases. At a hearing on December 5, 2023, Bell admitted to the allegations in the warrant. Bell and the State requested that the district court adopt Bell's intensive supervision officer's (ISO) recommendation to require Bell to complete a residential program. The State also recommended that Bell's probations be extended 12 months. The district court imposed a 3-day quick dip jail sanction and extended Bell's probation 18 months in case No. 21-CR-1624. It also imposed a 60-day jail sanction and extended probation 12 months in case No. 22-CR-787. The district court also ordered Bell to complete a residential program. Bell timely appealed the district court's judgment, and the cases were consolidated on appeal.

On May 15, 2024, Bell moved for the summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State responded and did not contest summary disposition. We granted Bell's motion on June 4, 2024.

ANALYSIS

Bell's only claim on appeal is that "the district court erred by unreasonably extending [his] probation in [case No.] 21-CR-1624 by 18 months." He argues this extension was unreasonable "when the defense, the prosecutor, and Mr. Bell's supervision officer had recommended an extension of 12 months." The State responds that the district court's order extending probation by 18 months was not an abuse of discretion.

2

When a defendant has admitted violating the conditions of probation, we review the appropriateness of the district court's disposition for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Bell does not allege that the district court's order was based on an error of fact or law. Nor was the district court's decision arbitrary, fanciful, or unreasonable. The 18-month extension of probation in case No. 21-CR-1624 was consistent with the original term. Bell asserts that the district court was unreasonable for not accepting the recommendation to extend his probation by only 12 months in case No. 21-CR-1624. But he ignores that the district court did not have to agree with the ISO or the parties. Without any additional support for his claim, Bell has not met his burden to show that the district court abused its discretion.

Affirmed.