NOT DESIGNATED FOR PUBLICATION

No. 127,698

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS DEAN MUNSELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed January 31, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Travis Dean Munsell appeals the district court's decision to revoke his probation and impose his underlying prison term following his admission to several probation violations, including the commission of new crimes. We granted Munsell's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. The State agreed that summary disposition is appropriate. Finding no error, we affirm.

Munsell pleaded guilty to possession of methamphetamine, theft, and criminal use of a financial card. In April 2023, the district court placed him on probation for 18 months with a total underlying prison sentence of 11 months.

1

Just shy of one year later, Munsell stipulated to several probation violations including the commission of new crimes. The district court revoked Munsell's probation and ordered him to serve his underlying 11-month prison sentence.

Munsell argues that he had no prior criminal history, and he was successfully progressing in treatment for the addiction which was the root cause of his crimes. Munsell asserts that given the progress he was making toward combatting his addiction, it was unreasonable for the district court to send him to prison rather than opt to reinstate his probation and allow him to continue a path toward recovery.

The procedure for revoking probation is governed by K.S.A. 22-3716. Generally, once the State has presented evidence of a violation of the conditions of probation, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

It is undisputed that Munsell violated his probation, in part, by committing a series of new crimes. The record reflects that he ultimately agreed to plead guilty to four of those offenses—three counts of felony theft and a single count of burglary. The reality of the situation, however, is that Munsell's unlawful escapades during the 11 months he was on probation also included six charges of burglary to a vehicle, five additional theft charges, six counts of criminal damage to property, and one count of criminal use of a financial card, all of which were dismissed as part of his plea agreement.

Pursuant to K.S.A. 22-3716(c)(7)(C) the district court had discretion to revoke Munsell's probation without first imposing intermediate sanctions because of his

2

commission of new offenses while on probation. We recognize that Munsell's battle with addiction was a significant one. But the full extent of his criminal conduct seemingly indicates that he did not have nearly as tight of a rein on the issue as he would have either the district court, or this court, believe. Based on the entirety of the record before us, we are unable to conclude that no reasonable person would find that imposition of Munsell's prison sentence was unwarranted in light of these violations. Thus, he has failed to sustain his burden to show that the district court abused its discretion by revoking his probation and ordering him to serve his prison term.

Affirmed.