NOT DESIGNATED FOR PUBLICATION

No. 127,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DWAYNE WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM: Dwayne West appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence after he admitted to several probation violations. One of these violations was the commission of a new crime. We granted West's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. In addition, the State filed a response to the motion for summary disposition. Based on our review of the record on appeal, we find that the district court did not abuse its discretion. Thus, we affirm the district court's decision revoking West's probation and to order him to serve a modified sentence.

1

On February 8, 2023, West pled guilty to one count of aggravated assault—a person felony. At the sentencing hearing, the district court sentenced West to a presumptive prison sentence of 27 months. However, consistent with the plea agreement and based on West's criminal history score, the district court placed him on probation for a term of 24 months.

Unfortunately, West was unable to comply with the terms of his probation and—among other things—committed a new crime. Specifically, he pled guilty to making a criminal threat and stipulated that this constituted a violation of his probation. At his probation revocation hearing, the district court revoked West's probation and ordered him to serve a modified prison sentence of 11 months. The district court also awarded him 201 days of jail credit against his modified sentence.

Thereafter, West filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court "abused its discretion in ordering [West] to serve a prison sentence instead of reinstating his probation." Still, West recognizes that the district court had the discretion to revoke his probation upon a showing of a violation without imposing intermediate sanctions. In response, the State does not contest the request for summary disposition and argues that West has not shown that the district court abused its discretion in revoking his probation or in ordering him to serve a modified sentence.

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established a violation of the conditions of probation, the

decision whether to revoke probation and whether to order the offender to serve his or her underlying sentence rests in the district court's sound discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion only if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on a mistake of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case West—bears the burden of proof. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Here, it is undisputed that the district court had discretion to revoke West's probation—without imposing an intermediate sanction—because he committed a new criminal offense while on probation. See K.S.A. 22-3716(c)(7)(C). Nor is there any contention that the district court made an error of law or a mistake of fact. Accordingly, the only question before us is whether the district court's decision was arbitrary, fanciful, or unreasonable.

A review of the record reveals West originally pled guilty to aggravated assault, which is a person felony. Furthermore, his new crime was making a criminal threat. Even so, the district court substantially modified his prison sentence from 27 months to 11 months. Under these circumstances, we do not find that the district court acted arbitrarily, fancifully, or unreasonably. Consequently, we conclude that there has been no abuse of discretion, and we affirm the district court's decision.

Affirmed.