NOT DESIGNATED FOR PUBLICATION

No. 127,598

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Opinion filed June 6, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Robert Loyd appeals the district court's decision revoking his probation and imposing his original sentence of 26 months' imprisonment for his convictions of three counts of non-dwelling burglary. We granted Loyd's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State responded and does not contest summary disposition and has asked this court to affirm the district court's decision.

Loyd pled guilty to three counts of non-dwelling burglary, and the district court sentenced him to 26 months' imprisonment but granted probation for 24 months. Loyd violated his probation many times. At the first violation hearing, in March 2023, Loyd

admitted nine allegations and received a three-day jail sanction. In July 2023, following another violation hearing, Loyd's probation was extended, and he was ordered to enter and complete a drug treatment program. In August 2023, the State alleged an additional 13 violations—mostly related to failed drug screenings—which Loyd admitted, and in November 2023, the district court ordered him to serve a 60-day jail sanction.

On January 12, 2024, the State alleged that Loyd had committed an additional 14 violations—again, mostly related to failed drug screenings and noncompliance with drug treatment requirements. The district court held an evidentiary hearing on these allegations, at which Loyd's intensive supervision officer (ISO) was the sole witness. Based on the ISO's testimony, the district court found that Loyd had violated his probation and revoked it, finding he was not amenable to probation. The district court ordered Loyd to serve his original 26-month sentence. Loyd timely appealed and subsequently moved for summary disposition of the appeal.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has presented evidence of a violation of the conditions of probation, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Loyd bears the burden of showing the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Loyd contends the district court acted unreasonably by revoking his probation because he suffers from drug addiction that can be better treated outside of prison. The record shows Loyd's serious struggles with substance abuse—his time on probation was replete with failed drug screenings and a general unwillingness to participate in treatment programs. Reasonable people could differ on whether reinstatement of probation and

2

additional drug treatment instead of the imposition of a prison sentence would better address these issues. But Loyd violated his probation in ways that underscored his inability to overcome his addiction and unwillingness to avail himself of treatment opportunities. Loyd's conduct while on probation supports the district court's conclusion that he was not amenable to probation. Thus, Loyd has failed to show the district court abused its discretion in revoking his probation.

     Affirmed.