NOT DESIGNATED FOR PUBLICATION

No. 129,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID ALFONZO HAMUUD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: David Alfonzo Hamuud appeals the district court's decision to revoke his probation and order him to serve his underlying sentence after he pled guilty to possessing opiates and drug paraphernalia. We granted Hamuud's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Based on our review of the record on appeal, we find that the district court did not abuse its discretion. Thus, we affirm the district court's decision revoking Hamuud's probation and ordering him to serve his underlying sentence.

The parties are familiar with the facts and it is unnecessary for us to repeat them in detail in this opinion. It is undisputed that Hamuud entered into a plea agreement with the State and pled guilty to two of the three charges asserted against him in the original

1

complaint. The district court sentenced him to 30 months in prison and to a concurrent sentence of 6 months in jail. Notwithstanding, the district court suspended the sentence and placed Hamuud on probation for 18 months.

About a month later, the State filed a motion to revoke Hamuud's probation. At his probation revocation hearing, Hamuud stipulated to failing to report and failing to provide proof of his address in violation of the conditions of his probation. As a result, the district court imposed a three-day jail sanction and reinstated his probation. A few months later, the State filed a second motion to revoke Hamuud's probation. At his second probation revocation hearing, the district court determined that Hamuud failed to remain law-abiding and failed to report. Subsequently, the district court imposed another three-day jail sanction and reinstated his probation for another 18 months.

Unfortunately, Hamuud was unable to fulfill his obligations and the State filed yet another motion to revoke his probation. At his third probation violation hearing, Hamuud stipulated to failing to remain law-abiding and failing to report. Although he requested the district court impose another three-day jail sanction and once again reinstate his probation, the district court exercised its discretion to revoke Hamuud's probation and ordered him to serve his underlying sentence.

The sole issue presented on appeal is whether the district court abused its discretion in revoking Hamuud's probation. K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established a violation of the conditions of probation, the decision whether to revoke probation and whether to order the offender to serve his or her underlying sentence rests in the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion only if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on a mistake of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court

abused its discretion—in this case Hamuud—bears the burden of proof. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Here, it is undisputed that the district court imposed two intermediate sanctions after Hamuud violated the conditions of his probation. Moreover, Hamuud makes no argument that the district court erred as a matter of law or made a mistake of fact. Accordingly, the only question before us is whether the district court's decision was arbitrary, fanciful, or unreasonable.

A review of the record on appeal reveals that Hamuud violated the conditions of his probation on multiple occasions. Likewise, the record reflects that the district court previously reinstated his probation on two occasions after imposing three-day jail sanctions. Still, Hamuud failed to take advantage of these opportunities and continued to violate the conditions of his probation. Under these circumstances, we do not find that the district court acted arbitrarily, fancifully, or unreasonably. Because we find no abuse of discretion, we affirm the district court's decision.

Affirmed.